

| | |
|---|---|
| **CITATION:** | Berhero Pty Ltd (trading as Acuity Funding) v Dinsey [2013] QCATA 311 |
| **PARTIES:** | Berhero Pty Ltd (trading as Acuity Funding) (Appellant) <br> v <br> Gregory Dinsey (Respondent) |
| **APPLICATION NUMBER:** | APL299-13 |
| **MATTER TYPE:** | Appeals |
| **HEARING DATE:** | 8 October 2013 |
| **HEARD AT:** | Brisbane |
| **DECISION OF:** | **Dr J R Forbes, Member** |
| **DELIVERED ON:** | 21 October 2013 |
| **DELIVERED AT:** | Brisbane |
| **ORDERS MADE:** | **Leave to appeal is refused.** |
| **CATCHWORDS:** | MINOR CIVIL DISPUTE – loan broking contract – term of agreement declaring "processing fee" non-refundable – primary decision ordering refund – whether that decision properly made – total failure of consideration - whether "processing fee" refundable in event of default by recipient of same, with total failure of consideration – whether moneys had and received by broker to the use of the applicant client – whether leave to appeal should be granted – leave refused <br><br> *Queensland Civil and Administrative Tribunal Act* 2009 (Qld) ss 12, 32 <br><br> *Ridge v Baldwin* [1964] AC 40 <br> *Forbes v NSW Trotting Club Ltd* (1979) 143 CLR 242 <br> *Bot v Ristevski* [1981] VR 120 <br> *NLS Pty Ltd v Hughes* (1966) 120 CLR 583 <br> *Foran v Wight* (1989) 168 CLR 385 <br> *Primus Telecommunications Pty Ltd v CCP Australian Airships Pty Limited* [2003] VSC 120 |

|  | *CCP Australian Airships Pty Ltd v Primus Telecommunications Pty Ltd* [2005] ATPR 42-042; [2004] VSCA 232 |
|---|---|
|  | *Northbound Property Group Pty Ltd v Carosi & Ors* [2013] QSC 159 |
|  | *Golden Sands Pty Ltd v Excel Quarries Pty Ltd* [2008] VSC 276 |
|  | *Marminta Pty Ltd v French* [2003] QCA 541 |
|  | *QUYD Pty Ltd v Marvass Pty Ltd* [2009] 1 Qd R 41; [2008] QCA 257 |
|  | *Drew v Bundaberg Regional Council* [2012] QPELR 350; [2011] QCA 359 |
|  | *Felton and Anor v Raine and Horne Real Estate* [2011] QCATA 330 |
|  | *International Professional Services v Tritone Nominees Pty Ltd* [2011] QCATA 332 |
|  | *Glenwood Properties Pty Ltd v Delmoss Pty Ltd* [1986] 2 Qd R 388 |
|  | *McIver Bulk Liquid Haulage Pty Ltd v Fruehauf Australia Pty Ltd* [1989] 2 Qd R 577 |
|  | *Paradis v Settlement Agents Supervisory Board* (2007) 33 WAR 361 |

**APPEARANCES and REPRESENTATION (if any):**

This matter was heard and determined on the papers pursuant to s 32 of the *Queensland Civil and Administrative Tribunal Act* 2009.

**REASONS FOR DECISION**

[1] On 23 May 2013 the Tribunal ordered the Appellant (Berhero) to pay the Respondent (Dinsey) the sum of $11,535.83. That was effectively a refund, with interest, of brokerage fees paid by Dinsey to Berhero, under an agreement made on 19 March 2012.

[2] The stated purpose of the agreement was to seek a loan or loans to Dinsey to '*refinance ANZ Bank and working capital*'.[1] At the time Dinsey and several of his private companies were heavily indebted to the Bank.

[3] It was a term of the agreement that Dinsey would pay Berhero a "processing fee" of $22,000, with a first payment of $5,500 '*at the time of signing this Loan Term Sheet and Cost [sic] Agreement*'.[2] In the Costs Agreement, but not in the Loan Term Sheet, it was stipulated, materially, that Dinsey would '*pay to the facilitator a non refundable Processing Fee in the sum set forth in clause 11 of the Loan Term Sheet*'.[3]

---

[1] "Loan Term Sheet" 19 March 2012 Cl 3.
[2] Ibid Cl 11(1).
[3] "Costs Agreement" 19 March 2012 Cl 4.

[4] In fact Dinsey paid Berhero just $11,000 before he purported to repudiate the agreement, alleging a total failure of consideration. As the Adjudicator found, Berhero's only offering to Dinsey was a *"preliminary document"* that may have produced a "factoring facility":

> It was never followed up with any more concrete offer ... such that there would ever be any hope of refinancing the ANZ Bank or providing working capital as contracted for. For all intentional purposes ... [the] factoring facility offer was entirely useless in terms of the contract ... [On Berhero's part] there has been a complete failure from the outset to perform the terms of the contract. The processing fee, by whatever name, was consideration paid for a service never performed.[4]

[5] Accordingly the Tribunal ordered repayment of $11,000 as moneys had and received by Berhero to the use of the applicant Dinsey, with interest.

[6] Berhero seeks leave to appeal[5] that decision on two grounds, to be gleaned from its submissions[6] as well as its formal application:

a) that the Tribunal had no jurisdiction to deal with the claim, because of a denial of natural justice.

b) that the Tribunal erred in ordering repayment of the "processing fee", because it was expressed to be non-refundable.

[7] Berhero does not persist in arguing, as it did before the Adjudicator, that the amount of the claim exceeds the jurisdictional limit applicable to minor civil disputes. The alleged value of the contract to Berhero is quite irrelevant. Jurisdiction is governed by the amount of the claim, not the potential value of the contract to the broker. The claim is obviously below the limit applicable to minor civil disputes, namely $25,000.[7] A contrary contention is untenable.

### *Natural Justice*

[8] Undoubtedly a denial of natural justice deprives a court or tribunal of jurisdiction.[8] Here the error is said to be '*considering only the applicant's claim and denying [Berhero] the right to lodge a counterclaim*'.[9] However, no material in support of that allegation is to be found in Berhero's submissions. According to Berhero's own estimate of its loss, any counterclaim would have been far in excess of the minor civil dispute jurisdiction, as Berhero's witness Thambyrajah conceded before the Adjudicator.[10] In fact, Berhero has not commenced proceedings against Dinsey in the Tribunal, by way of counterclaim or otherwise.

---

4      Decision 23 May 2013 paragraphs [23]-[24].
5      As required by s 142(3)(a)(i), with respect to decisions in minor civil claims.
6      Submissions of Berhero on appeal, 6 August 2013.
7      QCAT Act s 12(2); Schedule 3 "prescribed amount".
8      *Ridge v Baldwin* [1964] AC 40; *Forbes v NSW Trotting Club Ltd* (1979) 143 CLR 242 at 277.
9      Application for leave to appeal 15 July 2013 Part C ground (1).
10     Decision 23 May 2013 paragraphs [10] and [11]; transcript of proceedings 29 April 2013 page 18, lines 10.

[9] This ground of appeal has no substance, and I reject it.

### *Is the present order for refund of a "non-refundable" payment an appealable error?*

[10] The Adjudicator held that, even if the agreement, properly construed, did purport to make the "processing fee" non-refundable, that '*is of no consequence for the reason that there has been a complete failure [by Berhero] ... to perform the terms of the contract*'.[11] The finding of total failure of consideration is one which the Adjudicator was entitled to make, and it is not a decision to be relitigated upon an application of the present kind. Although the reserved decision does not cite authority for the consequent legal conclusion, it is, with respect, correct and amply supported by precedent.

[11] There can be no doubt that bona fide non-refundable payments have a legitimate place in commerce. Their primary purpose is to provide a '*guarantee that the purchaser means business*'.[12] A non-refundable payment may be a legitimate '*earnest of performance*' which the recipient may justly retain upon default *by the payer*.[13] (Whether an attempt to secure, as in this case, a non-refundable fee of $22,000 for "processing" alone is a moot point. Surely Dinsey did not agree to pay so much for the opening of a file.)

[12] But in this case, as the Tribunal found, it is not the payer who is in default, but the recipient, and in such a case there is nothing legally sacrosanct about a "non-refundable" clause. In *Foran v Wight*[14] it was the recipient of a "non-refundable" deposit who was the defaulter. The High Court held, by majority of 4 to 1, that the purchaser was entitled to a refund, as consideration had wholly failed. The purchaser had a valid claim to the deposit as moneys had and received, based upon an imputed promise to repay.[15]

[13] The same question was carefully considered by Habersberger J in *Primus Telecommunications Pty Ltd v CCP Australian Airships Pty Limited*.[16] *Primus* sued for return of its "non-refundable" deposit of $400,000, alleging a total failure of consideration The action succeeded:

> [I]f Primus [had] defaulted, then CCP could keep the $400,000, whether or not it suffered any loss ... It is another thing entirely, in my opinion, to construe a non-refundable deposit as something which could never be recovered by Primus ... but could be retained by CCP even if CCP were in flagrant breach of the ... agreement. I therefore reject CCP's submission that the $400,000 was not recoverable by Primus even though CCP was in breach of the ... agreement.[17]

---

[11]    Decision 23 May 2013 paragraph [24].
[12]    *Bot v Ristevski* [1981] VR 120 at 123.
[13]    *NLS Pty Ltd v Hughes* (1966) 120 CLR 583 at 589 per Barwick CJ.
[14]    (1989) 168 CLR 385.
[15]    (1989) 168 CLR 385 at 455 per Dawson J.
[16]    [2003] VSC 120.
[17]    [2003] VSC 120 at [153].

[14] Habersberger J's decision was upheld by a unanimous Court of Appeal.[18] According to Batt JA, with whom Vincent and Nettle JJA agreed:

> It makes evident sense that the deposit should have been irrecoverable in the event that Primus refused to proceed or otherwise defaulted in the performance of its obligations. ... [I]t would make little sense if the deposit were not recoverable in the event of a total failure of consideration caused by CCP. Upon the appellants' analysis, CCP would have been entitled to keep the deposit even if CCP had thrown up the agreement the instant after signing it or, to be less dramatic, if after a week of reflection CCP had decided that it could make more money by repudiating the agreement, keeping the deposit and entering into an agreement with other parties ... But logically it cannot be supposed that the parties intended CCP to keep the deposit in those circumstances ... Authority makes plain that elliptical expressions in mercantile contracts are to be read in no narrow spirit of construction but as the Court would suppose two honest business men would understand the words they have actually used with reference to their subject matter and the surrounding circumstances. One is thus to approach the crucial issue of construction by making the inquiry as to what reasonable business people in the position of the parties would have intended the clause to mean. In my opinion it would fly in the face of honest dealing and common sense to construe [the non-refundable] clause in the manner suggested by the appellants.[19]

[15] Similar views have been expressed by other superior courts in this country.[20]

[16] The proper limitations of an application for leave to appeal are set out in many decisions of the courts and of this Tribunal.[21] It is not an opportunity for a rehearing *de novo*, or for the presentation of evidence or argument that could have been, but in fact was not advanced at the trial. The proper question is whether the would-be appellant can point to an error that is at least arguable, and which, left uncorrected, would result in serious injustice, or that the case presents a legal point of general interest calling for further consideration.[22]

[17] Berhero has signally failed to do either of those things. I see no appealable error in the Adjudicator's decision. The only point of general interest – the "non-refundable issue" – is settled, for present purposes, by decisions of the High Court and other superior courts. Leave to appeal must be refused.

---

[18] *CCP Australian Airships Pty Ltd v Primus Telecommunications Pty Ltd* [2005] ATPR 42-042; [2004] VSCA 232.
[19] [2004] VSCA 232 at [9].
[20] *Northbound Property Group Pty Ltd v Carosi & Ors* [2013] QSC 159 at [49]; *Golden Sands Pty Ltd v Excel Quarries Pty Ltd* [2008] VSC 276; *Marminta Pty Ltd v French* [2003] QCA 541 (reversed on other grounds).
[21] *QUYD Pty Ltd v Marvass Pty Ltd* [2009] 1 Qd R 41; [2008] QCA 257 at [6]; *Drew v Bundaberg Regional Council* [2012] QPELR 350; [2011] QCA 359 at [18]; *Felton and Anor v Raine and Horne Real Estate* [2011] QCATA 330 at [19]; *International Professional Services v Tritone Nominees Pty Ltd* [2011] QCATA 332.
[22] *Glenwood Properties Pty Ltd v Delmoss Pty Ltd* [1986] 2 Qd R 388 at 389; *McIver Bulk Liquid Haulage Pty Ltd v Fruehauf Australia Pty Ltd* [1989] 2 Qd R 577 at 578, 580; *Paradis v Settlement Agents Supervisory Board* (2007) 33 WAR 361 at 372.

**ORDER**

Leave to appeal is refused.