**IN THE MATTER OF AN ARBITRATION UNDER**

**THE ARBITRATION RULES OF**

**THE SINGAPORE INTERNATIONAL ARBITRATION CENTRE**

**(6TH EDITION, 1 AUGUST 2016)**


BETWEEN

1. **BERHERO PTY LIMITED (TRADING AS
   ACUITY FUNDING) (ABN 32 060 065 821)**

...Claimant

AND

1. **THE ROE CORPORATION (DOS ID: 2859163)**
2. **267 PARTNERS, LLC, (DOS ID: 5606747)**
3. **BUHM JUNG ROE**

...Respondents

---

**CLAIMANT'S NOTICE OF ARBITRATION**

---

**Counsel for the Claimant**
**WongPartnership LLP**
12 Marina Boulevard, Level 28
Marina Bay Financial Centre Tower 3
Singapore 018982
Tel: +65 6416 8000
Fax: +65 6532 5722
Koh Swee Yen *S.C.* / Tiong Teck Wee /
Samuel Teo / Donny Trinh


Dated 29 April 2024

# CONTENTS

I.   INTRODUCTION ................................................................................... 1

II.  THE PARTIES .................................................................................... 1

    A.   The Claimant ............................................................................ 1

    B.   The Respondents ....................................................................... 2

III. BRIEF STATEMENT OF NATURE AND CIRCUMSTANCES OF THE
     DISPUTES ...................................................................................... 4

IV.  RELIEFS SOUGHT ............................................................................ 7

V.   PROCEDURAL MATTERS ................................................................. 8

    A.   Contract and Arbitration Agreement (Rules 3.1(c), (d), SIAC Rules) ............... 8

    B.   Governing Law (Rule 3.1(i), SIAC Rules) .......................................... 9

    C.   Conduct and Language of the Arbitration (Rules 3.1(f), (j), SIAC Rules) ......... 9

    D.   Number and nomination of Arbitrator (Rule 3.1(g), (h), SIAC Rules) ............. 10

    E.   Payment of Requisite Filing Fee (Rule 3.1(k), SIAC Rules) ....................... 10

    F.   Confirmation of Service (Rule 3.4, SIAC Rules) .................................... 10

## I.    INTRODUCTION

1.    We Act for Berhero Pty Limited (trading as Acuity Funding) ("**Acuity**" or "**Claimant**").

2.    Pursuant to Rule 3.1 of the Arbitration Rules of the Singapore International Arbitration Centre (6th Edition, 2016) ("**SIAC Rules**"), this Notice of Arbitration ("**NOA**") is filed on behalf of the Claimant against (i) The Roe Corporation, (ii) 267 Partners, LLC and (iii) Mr Buhm Jung Roe (collectively "**Respondents**").

3.    The Claimant demands that the disputes described herein ("**Disputes**") arising out of or relating to the Loan Term Sheet and Costs Agreement dated 24 September 2023 ("**LTS&CA**")[1] be referred to arbitration in accordance with the SIAC Rules.

## II.    THE PARTIES

### A.    <u>The Claimant</u>

4.    Acuity is a company incorporated under the laws of Australia and is in the business of finance and commercial brokerage.

5.    Acuity's particulars are as follows:

| | |
|---|---|
| Name: | Berhero Pty Limited (trading as Acuity Funding) |
| Registered address: | Suite 4, Level 10, 423 Pennant Hills Rd, Pennant Hills, NSW 2120, Australia |
| Telephone no.: | +61 2 9484 0609 |
| Email: | ranjit@acuityfunding.com |
| Attention: | Mr Ranjit Thambyrajah |

6.    Acuity is represented by WongPartnership LLP ("**WongP**") in this arbitration and our particulars are as follows:

---

[1] The LTS&CA comprises the Loan Term Sheet ("**Loan Term Sheet**") and the Costs Agreement associated with the Loan Term Sheet ("**Costs Agreement**"), and is attached at Exhibit 1 to this Notice of Arbitration.

|                      |                                                                 |
|----------------------|-----------------------------------------------------------------|
| Registered address:  | 12 Marina Boulevard                                             |
|                      | #28-01 Marina Bay Financial Centre Tower 3                     |
|                      | Singapore 018982                                               |
| Telephone no.:       | +65 6416 8000                                                  |
| Fax no.:             | +65 6532 5722                                                  |
| Email:               | Ms Koh Swee Yen *S.C.*: sweeyen.koh@wongpartnership.com        |
|                      | Mr Tiong Teck Wee: teckwee.tiong@wongpartnership.com          |
|                      | Mr Samuel Teo: samuel.teo@wongpartnership.com                 |
|                      | Mr Donny Trinh: baduong.trinh@wongpartnership.com             |

7. For the purposes of this arbitration, all correspondence, notices and documents to be served on Acuity should be directed and addressed to us.


**B.    The Respondents**

8. The Roe Corporation ("**1st Respondent**" or "**Roe Corp**"), is a company incorporated in New York, the United States of America. It is in the business of real estate development.[2] Mr Buhm Jung Roe ("**3rd Respondent**" or "**Mr Roe**"), and his three children, Ms Diana Roe, Mr John Roe and Mr Robert Roe, each hold 25% of the shares of the 1st Respondent.

9. 267 Partners, LLC ("**2nd Respondent**" or "**267 Partners**") is also a company incorporated in New York, the United States of America. 267 Partners is 100% owned by Mr Roe. As far as Acuity is aware, 267 Partners is a special purpose vehicle incorporated to invest in and develop the super luxury condominium project at 265 – 267 Broadway, New York, NY United States 10007.

10. In addition to being a 25% shareholder in Roe Corp, Mr Roe is also the President of both Roe Corp and 267 Partners.

---

[2] https://www.roecorp.com/about

11.    The Respondents' particulars are as follows:

<u>The 1st Respondent</u>
Name:                          The Roe Corporation (DOS ID: 2859163)
Registered address:            267 Broadway, 2nd Floor,
                               New York, NY, 10007
                               United States
Telephone no.:                 +1 212-239-1400
Email:                         bj@roecorp.com / park@northamericandevelopers.com /
                               info@roecorp.com
Attention:                     Mr Buhm Jung Roe / Mr Park Sungwoo

<u>The 2nd Respondent</u>
Name:                          267 Partners, LLC (DOS ID: 5606747)
Registered address:            267 Broadway, 2nd Floor,
                               New York, NY, 10007
                               United States
Telephone no.:                 N.A.
Email:                         bj@roecorp.com / park@northamericandevelopers.com
Attention:                     Mr Buhm Jung Roe / Mr Park Sungwoo

<u>The 3rd Respondent</u>
Name:                          Mr Buhm Jung Roe
Registered address:            267 Broadway, 2nd Floor,
                               New York, NY, 10007
                               United States
Telephone no.:                 +1 212-766-0700
Email:                         bj@roecorp.com

12.    The Respondents are represented by Shook Lin & Bok LLP whose particulars are as
       follows:

Name:                 Shook Lin & Bok LLP
Address:              1 Robinson Road #18-00, AIA Tower, Singapore 048542
Telephone no.:       +65 6535 1944
Facsimile no.:       +65 6535 8577
E-mail:              Mr David Chan: david.chan@shooklin.com
                     Mr Daryl Fong: daryl.fong@shooklin.com
                     Mr Louis Lai: louis.lai@shooklin.com

### III. BRIEF STATEMENT OF NATURE AND CIRCUMSTANCES OF THE DISPUTES

13. Without in any way limiting Acuity's case in this arbitration and without prejudice to Acuity's rights to amend, supplement, and/or modify the claims and reliefs sought in this Notice of Arbitration, we set out below a brief statement of the nature and circumstances of the Disputes between the parties.

14. On 24 September 2023, Acuity entered into the LTS&CA with the Respondents, pursuant to which Acuity agreed to arrange a loan facility up to approximately USD280 million to finance the development of a super luxury condominium project at 265 – 267 Broadway, New York, NY United States 10007 ("**Project**").

15. The relevant terms of the LTS&CA include the following.

16. Clause 4 of the Costs Agreement provides in material part that:

> In the event that the loan is conditionally approved to [the Respondents], or a discussion paper is issued or a terms sheet is issued or a loan proposal is issued in the terms of the [Loan Term Sheet], then the Fund Arrangement Fees set forth in clause 12 of the Loan Term Sheet ("Fund Arrangement Fee") shall become **immediately** due and payable by [the Respondents] to [Acuity].

> All such letters issued by the lender/underwrite and which is in terms of the loan term sheet but which is subject to: a) an acceptable valuation; and b) satisfactory credit checks of the [Respondents]; and c) proof of suitable serviceability; and d) acceptance by the Underwrite; and e) verification of all documentation provided; and f) third party proof that all taxes are current and paid to date; g) a funding schedule that is acceptable to the underwriter; and h) any further condition or covenant that the lender/underwriter may deem applicable to this transaction are agreed to be a discussion paper, a terms sheet, or a loan proposal within the terms of this agreement upon which the fund arrangement fee is due and payable.

> If the fund arrangement fee is not immediately paid to [Acuity] then interest will accrue on the fund arrangement fee at 2% per month, calculated daily and compounded and capitalised at the end of each month, from the date that the fees become due and payable ("interest") and the [Respondents] will be liable to pay the interest to [Acuity] on the fund arrangement fee until the whole of the amount due and payable including interest is paid by the [Respondents] to [Acuity] ["**Late Payment Interest**"].

17. Clause 12 of the Loan Term Sheet defines the Fund Arrangement Fee payable under Clause 4 of the Costs Agreement as follows:

> Fund Arrangement Fee of 4% plus VAT/GST/Etc (if required to be collected) of the loan amount as described in point 3 of this Loan Term Sheet and point 4 of the Cost Agreement. This fee represents only the fee due to [Acuity].
>
> PLUS
>
> Transfer of 50% of all types of share of the project holding entity and any Project Company / Project Management Entities that might be set up in the future for the developments to a nominated entity by [Acuity] ["**Project Shares**"]. These shares are to be net of all liabilities.

18. The LTS&CA was signed and initialled on every page by Mr Ranjit Thambyrajah on behalf of Acuity, and Mr Roe on behalf of Roe Corp, 267 Partners, and himself.

19. Further thereto, on or around 6 October 2023, pursuant to Clause 11 of the Loan Term Sheet and Clause 4 of the Costs Agreement, Roe Corp and 267 Partners made payment of a non-refundable processing fee of USD100,000. In this regard, it should be highlighted that Clause 11 of the Loan Term Sheet provides that the non-refundable processing fee is "*due on signing and acceptance of this Loan Term Sheet and Costs Agreement.*"

20.    In the premises, it is indisputable that the LTS&CA (including Clause 4 of the Costs Agreement and Clause 12 of the Loan Term Sheet which provide for payment of the Fund Arrangement Fee) is valid and binding on the Respondents, and the Respondents have acknowledged and admitted the same.

21.    It is also important to highlight that in the LTS&CA, the Respondents variously declared that:

a.    They "*have read and completely understood this agreement*";

b.    They "*are not in any physical or mental impairment that affects or impacts on [their] ability to understand this agreement and commit to this agreement*";

c.    They "*have been advised to seek legal and financial advice before signing this agreement*"; and

d.    That "*there has been no undue pressure put on [them] to accept this agreement by [Acuity]*".

22.    Subsequently, on or around 20 October 2023, Acuity arranged and Global Wise Investments Pte Ltd issued to Roe Corp and 267 Partners a Conditional Letter of Offer for Mortgage Finance for a loan amount of USD 280 million in the terms of the Loan Term Sheet ("**Conditional Offer**").[3]

23.    Accordingly, pursuant to Clause 4 of the Costs Agreement read with Clause 12 of the Loan Term Sheet, the Fund Arrangement Fee was immediately due and payable on 20 October 2023 by the Respondents, with Late Payment Interest accruing from 21 October 2023.

---

[3] The Conditional Letter of Offer for Mortgage Finance is attached at Exhibit 2 to this Notice of Arbitration.

24. On 6 November 2023, Acuity rendered an invoice to Roe Corp and 267 for the sum of USD11.2 million, this being the Fund Arrangement Fee calculated at 4% of the loan amount of USD280 million, and transfer of the Project Shares.[4]

25. On 7 December 2023, Acuity again wrote to Roe Corp and 267 Partners to demand payment of the sum of USD11.2 million and transfer of the Project Shares.[5]

26. On 8 January 2024, on behalf of Acuity, WongP wrote to the Respondents to demand:[6]

    a. Payment of the sum of USD11.2 million together with Late Payment Interest amounting to USD593,316.85 as at that date; and

    b. Transfer of the Project Shares.

27. To-date, the Respondents have failed, refused, and/or neglected to pay to Acuity the Fund Arrangement Fee (and the Late Payment Interest thereon) and/or to transfer the Project Shares to Acuity.

## IV.  **RELIEFS SOUGHT**

28. As a result of the matters set out above, the Respondents are in breach of their obligations under Clause 4 of the Costs Agreement read with Clause 12 of the Loan Term Sheet to among other things, pay to Acuity the Fund Arrangement Fee and the Late Payment Interest thereon.

29. Acuity therefore seeks the following reliefs against the Respondents:

    a. Payment of the Fund Arrangement Fee of USD11.2 million by the Respondents to Acuity;

---

[4] The invoice dated 6 November 2023 is attached at Exhibit 3 to this Notice of Arbitration.
[5] Exhibit 3
[6] Exhibit 3

    b.    Payment of Late Payment Interest on the Fund Arrangement Fee at 2% per month calculated daily and compounded and capitalised at the end of each month from 21 October 2023 until the date of full payment of the Fund Arrangement Fee and the Late Payment Interest thereon;

    c.    Interest;

    d.    Costs; and

    e.    Such further or other reliefs as the Tribunal may deem fit.

30.    For the avoidance of doubt, the claims and reliefs sought by Acuity in this arbitration are strictly without prejudice to their rights to bring further claims and/or seek further reliefs, including for the transfer of the Project Shares.

## V.    <u>PROCEDURAL MATTERS</u>

### A.    <u>Contract and Arbitration Agreement (Rules 3.1(c), (d), SIAC Rules)</u>

31.    The Disputes arise out of the LTS&CA.

32.    The arbitration agreement can be found at Clause 16 of the Loan Term Sheet and Clause 6 of the Costs Agreement which provide as follows:

> <u>Loan Term Sheet</u>
>
> **16    Governing Law and Arbitration**
>
> Laws of Singapore will apply to this Loan Term Sheet and Costs Agreement.
>
> Any dispute arising out of or in connection with this contract, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration administered by the Singapore International Arbitration Centre ("SIAC") in accordance with the Arbitration Rules of the Singapore International Arbitration Centre ("SIAC Rules") for the time being in force, which rules are deemed to be incorporated by reference in this clause.

Costs Agreement

**6      Governing Law and Arbitration**

Laws of Singapore will apply to this Loan Term Sheet and Costs Agreement.

Any dispute arising out of or in connection with this contract, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration administered by the Singapore International Arbitration Centre ("SIAC") in accordance with the Arbitration Rules of the Singapore International Arbitration Centre ("SIAC Rules") for the time being in force, which rules are deemed to be incorporated by reference in this clause.

**B.    Governing Law (Rule 3.1(i), SIAC Rules)**

33.    Pursuant to the arbitration agreement, the governing law of the LTS&CA is Singapore law.

**C.    Conduct and Language of the Arbitration (Rules 3.1(f), (j), SIAC Rules)**

34.    The arbitration agreement does not expressly provide for the seat of the arbitration. However, given among other things that the arbitration agreement expressly provides for the laws of Singapore to apply to the LTS&CA (which would include the arbitration agreement itself) and that the arbitration is to be administered by the SIAC, the appropriate seat of the arbitration should be Singapore.

35.    The arbitration agreement also does not expressly provide for the language of the arbitration. However, given among other things that the LTS&CA is in English and that English has been the primary language used by the parties in their communications to-date, the language of the arbitration should be English.

**D.**    **Number and nomination of Arbitrator (Rule 3.1(g), (h), SIAC Rules)**

36.    The arbitration agreement does not expressly provide for the number of arbitrators. The Claimant will separately reach out to the Respondents and endeavour to reach agreement on the number and nomination of arbitrator(s) within the timelines prescribed by the SIAC Rules.

**E.**    **Payment of Requisite Filing Fee (Rule 3.1(k), SIAC Rules)**

37.    The Claimant confirms that accompanying the filing of a copy of this Notice of Arbitration with the Registrar of the SIAC is payment of the case filing fee of SGD2,000.

**F.**    **Confirmation of Service (Rule 3.4, SIAC Rules)**

38.    We confirm that this Notice of Arbitration and its exhibits have been served on the Respondents *via* their solicitors at the e-mail addresses set out at paragraph 12 above.

Dated this 29 April 2024.

---

**Counsel for the Claimant**
**WongPartnership LLP**

# EXHIBIT 1



**Berhero Pty Limited**
A.C.N 060 065 821
SWIFT Code: **BPYYAU2S**
Suite 4, Level 10, 423 Pennant Hills Road
Pennant Hills NSW 2120 Australia
T: +61 2 9484 0609
E: contacts@acuityfunding.com
W: www.acuityfunding.com

24th September, 2023

Mr Buhm Jung Roe, President
**The Roe Corporation**
DOS ID: 2859163
267 Broadway, 2nd Floor, New York, NY, United States, 10007

**267 Partners, LLC,**
DOS ID: 5606747
267 Broadway, 2nd Floor, New York, NY, United States, 10007

Re: **Tribeca Manhattan Super Luxury Condo Project – New York**

Dear Sirs.

We thank you for requesting Berhero Pty Limited trading as Acuity Funding to act for you.

We enclose a Loan Term Sheet and Costs Agreement which we require you to sign and send the original to the writer. Please initial each page, sign and use the company seal for each company.

This offer will only remain open for 10 working days from the date of this letter.

Yours Faithfully

**Ranjit Thambyrajah**
Managing Director

Initials: _____





## Loan Term Sheet

| Clause | Subtitle | Description |
|---|---|---|
| 1 | **Borrowers:** | 1. The Roe Corporation (DOS ID: 2859163) |
| 2 | **Guarantors:** | 1. The Roe Corporation (DOS ID: 2859163)<br>2. 267 Partners, LLC, (DOS ID: 5606747)<br>3. Mr Buhm Jung Roe |
| 3 | **Loan Amount:** | Loan amount to be up to approximately USD 280,000,000 to be drawn down in tranches as set out below:<br><br>1. Circa USD 25,000,000 to refinance existing debt, with the current land valuation expected to be USD 70,000,000 based on Borrowers' declaration.<br>2. Circa USD 25,000,000 for air right cost<br>3. Circa USD 130,000,000 construction debt and preferred equity blend at overall LVR of 60%<br>4. Circa USD 80,000,000 for soft costs, contingency and other project related expenses at 60% LVR<br>5. Circa USD 20,000,000 commissions to be paid to agents on sale at an approved level by lender.<br><br>This loan amount is based on a Loan to Valuation Ratio (LVR) of 60% and may vary based on an updated valuation conducted by the Lender.<br><br>Loan to be staged to assist with LVRs required. |
| 4 | **Security** | 1. Registered first mortgage security over all the land, all buildings, structures, all fixtures, machinery, appliances, materials, equipment, furniture, personal property, all right, title and interest of every nature whatsoever now or hereafter situate or connect to the land as described as Block 135, Lot 31, Borough of Manhattan, County/City/State: New York, address: 265-267 Broadway, New York, NY United States 10007<br><br>2. Registered mortgage security over the shares of The Roe Corporation (DOS ID: 2859163)<br><br>3. Registered mortgage security over the shares of 267 Partners, LLC, (DOS ID: 5606747) |

Initials:





4. Registered first mortgage charge over all lease agreement, management agreement, development approval to the land as described as Block 135, Lot 31, Borough of Manhattan, County/City/State: New York, address: 265-267 Broadway, New York, NY United States 10007

5. Company Guarantee from The Roe Corporation (DOS ID: 2859163)

6. Company Guarantee from 267 Partners, LLC, (DOS ID: 5606747)

7. Personal Guarantee from Mr Buhm Jung Roe

8. First Ranking Charge over shares of The Roe Corporation (DOS ID: 2859163)

9. First Ranking Charge over shares of 267 Partners, LLC, (DOS ID: 5606747)

10. First Ranking Charge over receivables of The Roe Corporation (DOS ID: 2859163) and 267 Partners, LLC, (DOS ID: 5606747) and any Project Company/ Project Management entities that might be set up in the future for the developments.

11. Registered first mortgage charge over the Land Use Rights through a Local US Bank.

12. First Ranking Charge over improvements on the land described as Block 135, Lot 31, Borough of Manhattan, County/City/State: New York, address: 265-267 Broadway, New York, NY United States 10007

13. First Ranking Charge over insurances on the security properties, assets and incomes of the Borrower entities and any Project Company/ Project Management entities that might be set up in the future for the developments.

14. First Ranking Charge over bank accounts of The Roe Corporation (DOS ID: 2859163) and 267 Partners, LLC, (DOS ID: 5606747) and any Project Company/ Project Management entities that might be set up in the

Initials: _____ /31R.

| | | |
|---|---|---|
| | | future for the developments, and holds the expected cash contribution by the Borrower for the 40% of the development costs. |
| | | 15. First Ranking Charge over all money/funds to be introduced by the Borrowers as part of this credit submission, including USD 5,000,000 cash in bank account and USD 45,000,000 EB5 Investment from New York Immigration Fund LLC |
| 5 | **Purpose:** | A loan to assist The Roe Corporation (DOS ID: 2859163) and 267 Partners, LLC, (DOS ID: 5606747) for the development of the Project Tribeca Manhattan Super Luxury Condo Project, 265-267 Broadway, New York, NY United States 10007 |
| | | **By signing this document, you are declaring this loan is not subject to the National Consumer Credit Protection Act of Australia and is predominantly for business or investment purposes.** |
| 6 | **Interest Rate:** | Interest rate will be a variable interest rate calculated as equal to USD RFR 4-week Treasury Bill Rate plus a Margin of **5.00%.** If the USD RFR rate drops below 0.0% p.a., then it will be treated as 0.0%. *(Alternatively, the Borrower may choose USD RFR 8 weeks, 13 weeks, 26 weeks, or 52 weeks).* |
| | | The rates above do not include any of the Lenders other fees and charges such as establishment fee, legals, valuation costs, account keeping fees, QS expenses, expert reports, Project Management (if required), fees related to Collaterals, all government charges and taxes on transfer, etc. |
| | | Lenders Establishment Fee to be 1% plus VAT/GST/Etc (if required to be collected), for the Lender. |
| | | 25% of the Establishment Fee will become due and payable at time of receiving the Loan Offer and will be capped at USD 450,000 plus GST/VAT/etc. This fee is refundable if the Lender decides not to fund project, despite Borrowers and Guarantors passing all Due Diligence and all Conditions Precedent being met and found to be satisfactory. |

Initials:





| | | Remaining amount of Establishment Fee to be paid at 1st drawdown/payment of the loan. |
|---|---|---|
| 7 | **Term:** | As determined by the Lender.<br><br>Expected to be approximately 5 years. |
| 8 | **Repayments:** | Principal Loan Payment: The Borrower will make principal repayment from the **37**th month, as long as the overall LVR does not exceed 60% including the costs and the value assigned to the land by the Lender's valuer. Principal repayments are to be made every month by using revenue of the funded projects. Principal payments will also be made from sale of completed project to third parties.<br><br>The specific principal repayment schedule will be submitted by the Borrower and approved by the Lender.<br><br>Interest Payment: The Borrower will make interest payment from the **37th** month, as long as the overall LVR permits a margin for an extra 6-month interest payment and all interest payment must be made in advance. Loan plus accrued interest must not exceed 60% LVR including the value assigned to the land by the Lender's valuer. Note that interest is calculated and capitalized into the principal.<br><br>Interest payments are to be made every month. |
| 9 | **Valuation:** | Loan amount to be subject to valuation of the Security Properties carried out by an approved valuer at the cost of the borrower. |
| 10 | **Guarantees:** | Personal guarantees from Mr Buhm Jung Roe and any associated companies to this transaction for total loan debt. |
| 11 | **A non-refundable facilitation and processing fee** | A total facilitation and processing fee of USD 100,000 plus all local taxes such as VAT/ GST/ etc, due on signing and acceptance of this Loan Term Sheet and Costs Agreement.<br><br>This fee is non-refundable in all circumstances. |
| 12 | **Fund Arrangement Fees** | Fund Arrangement Fee of 4% plus VAT/GST/Etc (if required to be collected) of the loan amount as described in point 3 of this Loan Term Sheet and point 4 of the Cost |

Initials: _____





| | | Agreement. This fee represents only the fee due to Berhero Pty Ltd t/as Acuity Funding. |
|---|---|---|
| | | PLUS |
| | | Transfer of 50% of all types of share of the project holding entity and any Project Company/ Project Management entities that might be set up in the future for the developments to a nominated entity by Berhero Pty Ltd trading as Acuity Funding. These shares are to be net of all liabilities. |
| | | Berhero Pty Ltd t/as Acuity Funding may also receive further fees from lenders/ funds providers that offer finance on this transaction. |
| | | There will be no other fees and commissions due to be paid to anyone else for referring your file to Berhero Pty Ltd t/as Acuity Funding. Acuity Funding will be sharing some of the fees paid to it with the other parties. |
| 14 | **Confidentiality:** | The Roe Corporation (DOS ID: 2859163), 267 Partners, LLC, (DOS ID: 5606747) and Mr Buhm Jung Roe agree to keep the contents of this Loan Term Sheet confidential and not to disclose such contents to anyone and to ensure that the contents of this Loan Term Sheet are protected with security measures and a degree of care that would apply to its own confidential information. |
| 15 | **Costs:** | The Roe Corporation (DOS ID: 2859163), 267 Partners, LLC, (DOS ID: 5606747) and Mr Buhm Jung Roe will pay for all Government related costs/taxes/fees and other costs/taxes/fees associated with the Loan Term Sheet contemplated hereunder. |
| 16 | **Governing Laws:** | Laws of Singapore will apply to this Loan Term Sheet and Costs Agreement. |
| | | Any dispute arising out of or in connection with this contract, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration administered by the Singapore International Arbitration Centre ("SIAC") in accordance with the Arbitration Rules of the Singapore International Arbitration Centre ("SIAC Rules") for the time being in force, which rules are deemed to be incorporated by reference in this clause. |

Initials: _____ 1318





We, the Borrowers and Guarantors, declare that we are not a Politically Exposed Person (PEP) either in United States or overseas.

We, the Borrowers and Guarantors, authorise and direct Berhero Pty Limited trading as Acuity Funding ("Acuity") to arrange the loan facility as set out in the Loan Term Sheet above.

We, the Borrowers and Guarantors, understand and acknowledge that Berhero Pty Ltd t/as Acuity Funding is relying on the above information in order to process the loan and that the above information and clauses together with any attachments to the loan term sheet as listed below, if any, and the document entitled Cost Agreement constitute the entire agreement between the parties as to the subject matter to the exclusion of any other information or prior representation whether written or oral, express or in any way implied and we have not relied on any statement, representation or warranty by or on behalf of Acuity other than those as set out above.

We, the Borrowers and Guarantors, declare we have read and completely understood this agreement.

We, the Borrowers and Guarantors, declare we are not in any physical or mental impairment that affects or impacts on our ability to understand this agreement and commit to this agreement.

We, the Borrowers and Guarantors, declare we have been advised to seek legal and financial advice before signing this agreement.

We, the Borrowers and Guarantors, declare there has been no undue pressure put on us to accept this agreement by Berhero Pty Ltd t/as Acuity Funding. We, the Borrowers and Guarantors, declare that this transaction is predominantly for business or investment purposes and is not subject to the Australian National Consumer Credit Protection Act 2009. If Berhero Pty Ltd t/as Acuity Funding incurs any legal or other expenses in enforcing this agreement, then all such expenses are to be paid for in full by the Borrowers and Guarantors.

Signed, sealed and delivered by **The Roe Corporation (DOS ID: 2859163)** by its Legal Representative**, Mr Buhm Jung Roe** and **267 Partners, LLC, (DOS ID: 5606747)** by its Legal Representative, **Mr Buhm Jung Roe**

Initials:





| The Roe Corporation (DOS ID: 2859163) | 267 Partners, LLC, (DOS ID: 5606747) |
|---|---|
| *B Roe* | *B Roe* |
| **Mr Buhm Jung Roe**<br>Legal Representative<br>Date:  09/29/2023 | **Mr Buhm Jung Roe**<br>Legal Representative<br>Date:  09/29/2023 |

*B Roe*

.................................................

Signature of Guarantor,
**Mr Buhm Jung Roe**
Date:  09/29/2023

Signed for and on behalf of:
**Berhero Pty Limited trading as Acuity
Funding (ABN 32 060 065 821)**

.................................................
Director
Name: Ranjit Thambyrajah
Date: 24th September 2023

Initials: _____ *BR*

 

# Costs Agreement
## Associated with the Loan Term Sheet

**Between**
Berhero Pty Limited trading as Acuity Funding
(the "facilitator")
**And**

Mr Buhm Jung Roe,
President
The Roe Corporation
DOS ID: 2859163
267 Broadway, 2ⁿᵈ Floor, New York, NY, United States, 10007
267 Partners, LLC,
DOS ID: 5606747
267 Broadway, 2ⁿᵈ Floor, New York, NY, United States, 10007
(the applicants")

| Clause | Title | Description |
|--------|-------|-------------|
| 1. | **Acceptance** | If the Applicants accept this offer the Applicants will be regarded as having entered into a costs agreement. This means the Applicants will be bound by the terms and conditions set out in this document. Acceptance may be by any one of the following ways:<br>● signing and returning a copy of this document;<br>● giving the facilitator instructions after receiving this document; |
| 2. | **Term of Cost Agreement** | The Applicants engage the facilitator for the term of 90 days from the date of confirmation by the facilitator that all items required for submission have now been supplied. |
| 3. | **Exclusive Agency** | The Applicants engage the facilitator to the exclusion of all others unless otherwise stated in this document, for the purposes of either introducing, organising, arranging or obtaining |

Initials: _____ 131R





| | | loan funds in the sum described in clause 3 of the Loan Term Sheet, ('the advance') for the purpose as set forth in clause 5 of the Loan Term Sheet ('the purpose'). The Applicants hereby warrant that they have not engaged nor will they during the continuance of this agreement engage any other party to source finance for them for the purpose, and are not currently liable to pay any brokerage, commission, or other moneys to any third party for the sourcing of finance. In the event that the Applicants breach the provisions of this clause by obtaining funding for the purpose at any time until this agreement has been terminated, then all moneys payable hereunder shall become immediately due and payable by the Applicants to the facilitator and the Applicants agree that such payment is a genuine pre-estimate of the facilitators loss and reasonable remuneration for the services performed and does not amount to a penalty.

Upon securing the finance required for the above mentioned purposes Berhero Pty Ltd t/as Acuity Funding will maintain the status of being the exclusive agency for any further funding required by the applicants and or their agents against the security properties for a period of 5 years. |
| 4. | **Fee Amounts** | A total non-refundable processing fee of USD 100,000 due upon signing of this Loan Term Sheet and Costs Agreement.

In the event that the loan is conditionally approved to the Applicants, or a discussion paper is issued or a terms sheet is issued or a loan proposal is issued in the terms of the Loan Term Sheet, then the Fund Arrangement Fees set forth in clause 12 of the Loan Term Sheet ("Fund Arrangement Fee") shall become immediately due and payable by the Applicants to the facilitator.

All such letters issued by the lender/underwriter and which is in terms of the |

Initials: _____

ACUITY FUNDING

A NON SUPERVISED ENTITY OF Swift

| | | loan term sheet but which is subject to: a) an acceptable valuation; and b) satisfactory credit checks of the Applicants; and c) proof of suitable serviceability; and d) acceptance by the Underwriter; and e) verification of all documentation provided; and f) third party proof that all taxes are current and paid to date; g)a funding schedule that is acceptable to the underwriter; and h) any further condition or covenant that the lender/underwriter may deem applicable to this transaction are agreed to be a discussion paper, a terms sheet, or a loan proposal within the terms of this agreement upon which the fund arrangement fee is due and payable. |
| --- | --- | --- |
| | | If the fund arrangement fee is not immediately paid to the facilitator then interest will accrue on the fund arrangement fee at 2% per month, calculated daily and compounded and capitalised at the end of each month, from the date that the fees become due and payable ("interest") and the applicants will be liable to pay the interest to the facilitator on the fund arrangement fee until the whole of the amount due and payable including interest is paid by the Applicants to the facilitator. |
| | | Acuity Funding may receive fees from the lender/ underwriter that are over and above those paid by the borrower. The borrower agrees to sign any document that the lender or underwriter requires to facilitate this payment. |
| 5. | **Security for Fees due to Acuity Funding:** | The Roe Corporation (DOS ID: 2859163), 267 Partners, LLC, (DOS ID: 5606747) and Mr Buhm Jung Roe hereby charge over any or all of The Roe Corporation (DOS ID: 2859163), 267 Partners, LLC, (DOS ID: 5606747) and Mr Buhm Jung Roe properties in favour of the facilitator until the costs owed including any interest and other expenses owed on those costs is paid in full and The Roe Corporation (DOS ID: 2859163), 267 Partners, LLC, (DOS ID: 5606747) and Mr Buhm Jung Roe authorise the facilitator to lodge a caveat over any or all of |

Initials:_____ 1313





| | | The Roe Corporation (DOS ID: 2859163), 267 Partners, LLC, (DOS ID: 5606747) and Mr Buhm Jung Roe properties noting the facilitator's interest in The Roe Corporation (DOS ID: 2859163), 267 Partners, LLC, (DOS ID: 5606747) and Mr Buhm Jung Roe properties and preventing any dealings on the title of those properties until the fees owed to the facilitator including any interest owed on the fees is paid in full. |
|---|---|---|
| 6. | **Special Conditions:** | Borrowers and Guarantors will also pay any stamp duty due on any part of this agreement if any part of this agreement is deemed to be liable for Stamp Duty. |
| | | Please note that any and all conditions discussed between the parties regarding this mandate prior to this Loan Term Sheet and Cost Agreement will be superseded by the terms as expressed in this agreement. This is a standalone agreement and will not rely upon any other emails or communications had regarding the appointment of Acuity Funding as outlined in this Loan Term Sheet and Cost Agreement. |
| | | Appointment of Berhero Pty Limited trading as Acuity Funding being appointed as Project Auditors at a cost to the client of 3% plus VAT/GST/etc of all costs, including land at USD 70 million. |
| | | Laws of Singapore will apply to this document. |
| | | Any dispute arising out of or in connection with this contract, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration administered by the Singapore International Arbitration Centre ("SIAC") in accordance with the Arbitration Rules of the Singapore International Arbitration Centre ("SIAC Rules") for the time being in force, which rules are deemed to be incorporated by reference in this clause. |

Initials:_____





We, the Borrowers and Guarantors, declare we have read and completely understood this agreement.

We, the Borrowers and Guarantors, declare we are not in any physical or mental impairment that affects or impacts on our ability to understand this agreement and commit to this agreement.

We, the Borrowers and Guarantors, declare we have been advised to seek legal and financial advice before signing this agreement.

We, the Borrowers and Guarantors, declare there has been no undue pressure put on us to accept this agreement by Berhero Pty Ltd t/a Acuity Funding.

Signed, sealed and delivered by **The Roe Corporation (DOS ID: 2859163)** by its Legal Representative, **Mr Buhm Jung Roe** and **267 Partners, LLC, (DOS ID: 5606747)** by its Legal Representative, **Mr Buhm Jung Roe.**

| **The Roe Corporation (DOS ID: 2859163)** | **267 Partners, LLC, (DOS ID: 5606747)** |
|---|---|
| *BRoe* | *BRoe* |
| **Mr Buhm Jung Roe**<br>Legal Representative<br>Date: 09/29/2023 | **Mr Buhm Jung Roe**<br>Legal Representative<br>Date: 09/29/2023 |

*BRoe*

..............................................
Signature of Guarantor,
**Mr Buhm Jung Roe**
Date: 09/29/2023

Initials: _____ 1312





Signed for and on behalf of:
**Berhero Pty Limited trading as Acuity**
**Funding (ABN 32 060 065 821)**

…………………………………………..
Director
Name: Ranjit Thambyrajah
Date: 24th September 2023

Initials:_____

# EXHIBIT 2



**Global Wise**

20 October 2023

To      Mr Buhm Jung Roe, President
        **The Roe Corporation**
        **DOS ID: 2859163**
        **267 Partners, LLC,**
        **DOS ID: 5606747**
        267 Broadway, 2nd Floor, New York, United States, 10007

C/O     Berhero Pty Ltd trading as Acuity Funding
        Suite 4, Level 10, 423 Pennant Hills Rd,
        Pennant Hills, NSW 2120
        Australia

### Conditional Letter of Offer for Mortgage Finance

MORTGAGE FINANCE FOR APPROXIMATELY
$280,000,000 (United States Dollars)

Loan Terms;

Funding Value:          Total loan of $280,000,000 (USD) drawn down in stages conditional on
                        meeting the lending terms as outlined below.

Loan Term:              5 years

Interest Rate:          Variable, currently 10.28% per annum ( as at 15 September
                        2023) calculated as follows: USD  RFR 4-week Treasury Bill Rate
                        plus 5% margin per annum. If the USD RFR 4- week Treasury Bill
                        Rate falls below zero then it shall be treated as zero.
                        (Alternatively, the Borrower may choose USD RFR 8 weeks, 13
                        weeks, 26 weeks, or 52 weeks).

Mortgage Manager:       Berhero Pty Ltd trading as Acuity Funding

Lender/ Funds Provider: Global Wise Investments Pte Ltd. The Lender/Funds Provider
                        retains the authority to sell or assign the loan to a Trustee.

**Global Wise Investments Pte Ltd**
10 Anson Road, #10 - 11,
International Plaza
079903 Singapore

 +65 6220 5658
+65 6225 7042
+61 410 00 22 00

admin@globalwise.me

 www.globalwise.me



**Global Wise**

| | |
|---|---|
| Repayment: | Principal repayments to be made every month starting from the 37th month as long as the overall LVR does not exceed 60% including the costs and the value assigned to the land by the Funds Provider's valuer and including a margin for an extra 6-month accrued interest payment. Principal repayments are to be made every month by using revenue of the funded projects.<br>The specific principal repayment schedule will be submitted by the Borrower and approved by the Funds Provider.  If the LVR exceeds 60% then additional principal repayments by the Borrower and Guarantors will be required. |
| | Interest payments to be made every month in advance starting from the 37th month as long as the overall LVR does not exceed 60% and permits a margin for an extra 6-month interest payment. Loan plus accrued interest must not exceed 60% LVR including the value assigned to the land by the Funds Provider's valuer. Note, that interest is calculated and capitalised into the principal.<br>The specific interest repayment schedule will be submitted by the Borrower and approved by the Lender/Funds Provider. |
| Drawdown: | Drawdown schedule to be provided and approved by the Mortgage Manager and Lender/Funds Provider. |
| Establishment Fee: | Establishment Fee of 1% of loan amount (USD2,800,000) becomes due and payable on acceptance of this Conditional Loan Offer and is to be collected by Acuity Funding on behalf of Funds Provider.  USD 450,000 of this fee  is payable on acceptance of this Letter of Offer, with the balance to be collected at first drawdown of funds. This fee is refundable if the Lender/Funds Provider decides not to fund the project, despite Borrowers and Guarantors passing all Due Diligence and all Conditions Precedent being met and found to be satisfactory. |
| Applicants/Borrower: | 1.    The Roe Corporation (DOS ID: 2859163) |
| Guarantors: | 1.    The Roe Corporation (DOS ID: 2859163) and |
| | 2.    267 Partners, LLC, (DOS ID: 5606747) and |
| | 3.    Mr Buhm Jung Roe |



**Global Wise Investments Pte Ltd**
10 Anson Road, #10 - 11,
International Plaza
079903 Singapore


+65 6220 5658
+65 6225 2042
+61 410 00 22 00


admin@globalwise.me


www.globalwise.me



**Global Wise**

Securities:

1.  Registered first mortgage security over all the land, all buildings, structures, all fixtures, machinery, appliances, materials, equipment, furniture, personal property, all right, title and interest of every nature whatsoever now or hereafter situate or connect to the land as described as Block 135, Lot 31, Borough of Manhattan, County/City/State: New York, address: 265-267 Broadway, New York, NY United States 10007

2.  Registered mortgage security over the shares of The Roe Corporation (DOS ID: 2859163)

3.  Registered mortgage security over the shares of 267 Partners, LLC, (DOS ID: 5606747)

4.  Registered first mortgage charge over all lease agreement, management agreement, development approval to the land as described as Block 135, Lot 31, Borough of Manhattan, County/City/State: New York, address: 265-267 Broadway, New York, NY United States 10007

5.  Company Guarantee from The Roe Corporation (DOS ID: 2859163)

6.  Company Guarantee from 267 Partners, LLC, (DOS ID: 5606747)

7.  Personal Guarantee from Mr Buhm Jung Roe

8.  First Ranking Charge over shares of The Roe Corporation (DOS ID: 2859163)

9.  First Ranking Charge over shares of 267 Partners, LLC, (DOS ID: 5606747)

10. First Ranking Charge over receivables of The Roe Corporation (DOS ID: 2859163) and 267 Partners, LLC, (DOS ID: 5606747) and any Project Company/ Project Management entities that might be set up in the future for the developments.

11. Registered first mortgage charge over the Land Use Rights through a Local US Bank.

12. First Ranking Charge over improvements on the land described as Block 135, Lot 31, Borough of Manhattan, County/City/State: New York, address: 265-267 Broadway, New York, NY United States 10007

13. First Ranking Charge over insurances on the security properties, assets and incomes of the Borrower entities and any Project


**Global Wise Investments Pte Ltd**
10 Anson Road, #10 - 11,
International Plaza
079903 Singapore

 +65 6220 5658
+65 6225 2042
+61 410 00 22 00

 admin@globalwise.me

 www.globalwise.me





Global Wise

Company/ Project Management entities that might be set up in the future for the developments.

14.   First Ranking Charge over bank accounts of The Roe Corporation (DOS ID: 2859163) and 267 Partners, LLC, (DOS ID: 5606747) and any Project Company/ Project Management entities that might be set up in the future for the developments, and holds the expected cash contribution by the Borrower for the 40% of the development costs.

15.   First Ranking Charge over all money/funds to be introduced by the Borrowers as part of this credit submission, including USD 5,000,000 cash in bank account and USD 45,000,000 EB5 Investment from New York Immigration Fund LLC.

16.   **Personal Guarantees from any shareholders of** The Roe Corporation (DOS ID: 2859163) with a shareholding greater than 9% of total shares.

Loan Sought:            Loan amount to be up to approximately USD280,000,000 (Two Hundred and Eighty Million USD). LVR not to exceed 60% including a margin for an extra 6-month accrued interest payment.

Amount and timing of all drawdowns/disbursements to be approved by the Lender/Funds Provider.

Use of Funds:           Funds will be used to refinance existing debt and for the development of the Project Tribeca Manhattan Super Luxury Condo Project, 265-267 Broadway, New York, NY United States 10007.

Conditions Precedent:   The Lender/Funds Provider generally requires the following Conditions precedent prior to provision of funding. Note, all Valuations, Quantity Surveyor reports and any other reports deemed necessary by the Lawyers, Valuers, Quantity Surveyor for the Lender/Funds Provider are to be at the cost of the Borrower/Guarantors:

1.   Valuation Report as prepared by an approved panel valuer for the all security properties which are to be instructed by, and addressed to the Lender/Funds Provider for first mortgage purposes (with no prudent lending clauses). Valuation is to be vetted by and found to



Global Wise Investments Pte Ltd

10 Anson Road, #10 - 11,
International Plaza
079903 Singapore

  +65 6220 5658
       +65 6225 2042
       +61 410 00 22 00

admin@globalwise.me          www.globalwise.me





**Global Wise**

be satisfactory to the Lender/Funds Provider in all respects.

2. Proof of funds for the Borrower/Guarantors' contribution to the project to be evidenced and held in a custodial account of a bank or security agent of the Lender/Funds Providers choice.

3. Borrowing entity is to be satisfactory to the Lender/Funds Provider and its solicitors to enable preparation of security documentation. The perfection/execution of all Lender/Funds Provider loan/security documentation is to the full satisfaction of the Lender/Funds Provider and/or its legal advisors.

4. The legal structure, powers to borrow etc. of the Borrower/Guarantors are to be to the full satisfaction of the Lender/Funds Provider and its legal advisors.

5. A satisfactory Credit Reference check to be conducted by the Lender/Funds Provider on all borrowers, security providers and directors.

6. Written confirmation from the company directorate that all statutory obligations (i.e. payroll tax, group tax, employee superannuation contributions etc.) have been met and are in accord with legislative requirements.

7. The Lender/Funds Provider's satisfaction with all relevant consultants, contractors and sub-contractors and all associated contractual arrangements.

8. At no time will the project exceed a Loan to Valuation Ratio of 60% including the costs and the value assigned to the land by the Lender/Funds Provider's valuer and including a margin for an extra 6-month accrued interest payment. If it does, then the Borrower will have to rectify from their own funds outside the project.

9. A Quantity Surveyor acceptable and separately appointed by the Lender/Funds Provider is to review and confirm the costing of the development. The Quantity Surveyor's report is to be vetted and found to be acceptable to the Lender/Funds Provider in all respects. The Quantity Surveyor will review the builder's capability as part of the initial report to the Lender/Funds Provider and also cover amongst other matters but not limited to:
    a. Verification that the development costs (including contingencies, building costs, design fees, authority charges, rates, taxed, furniture fitting and equipment, finance charges, interest and other holding costs) do not exceed the Development Budget. QS



**Global Wise Investments Pte Ltd**
10 Anson Road, #10 - 11,
International Plaza
079903 Singapore

 +65 6220 5658
+65 6225 2042
+61 410 00 22 00

 admin@globalwise.me

 www.globalwise.me





**Global Wise**

is to confirm the total project costings in line with the builder's costings.

b. Confirmation that the estimated date of completion of the project and Development Program is achievable.

c. Confirmation that all necessary Development and Building Approvals and any other relevant Authority Approvals are held.

d. Advice that the Building Contract is adequate and that it accords with the development budget and is acceptable to the Investor in all respects.

10. The builder is to be approved by the Lender/Funds Provider. Further due diligence is required to confirm the capability and acceptability of the builder to the Lender/Funds Provider. Information required for the Lender/Funds Provider's perusal include (but are not limited to):

a. 2020, 2021, 2022 financial account of the building company

b. List of projects under construction or likely to commence in construction in the current financial year with details of dollar value, commencement date and anticipated completion date.

c. Company profile including brief details of past projects and resume of key staff.

d. Builders' licence number

e. Client referees name and contact details.

f. 12months bank statements for all Builder's trading accounts to be provided.

g. Running balance proof that all taxes have been paid and are up to date.

11. Third party civil and structural engineering reports to be provided and be acceptable to the Lender/Funds Provider.

12. Borrower/Guarantors to provide a funding schedule for the project that is approved by the Quantity Surveyor, Valuer, Mortgage Manager and Lender/Funds Provider.

13. The Lender/Funds Provider would need to be provided with evidence in quarterly balance sheets that Borrower/Guarantors have sufficient cash reserves to cover any contingency over and above the 5% allowed for in our calculations.

14. Borrower/Guarantors to establish a bank account that consents to cooperate with the Regulated Security Trustee of the Secured Creditor.

15. Borrower/Guarantors to provide a drawdown schedule that is approved by the Mortgage Manager and the Funds Provider.



**Global Wise Investments Pte Ltd**
10 Anson Road, #10 - 11,
International Plaza
079903 Singapore

 +65 6220 5658
+65 6225 2042
+61 410 00 22 00

 admin@globalwise.mo

 www.globalwise.mo





**Global Wise**

16. Third party proof that all taxes are current and paid up to date.

Other Conditions:    At each claim for drawdown, the Lender/Fund Provider's satisfaction with certifications from the Quantity Surveyor stating, inter alia;

- The cost of works completed
- The cost to complete all works relevant to the project
- Details of any variations, cost savings or cost overruns
- Details of any changes material to the project, including the progress of the project works against the forecast timing of those works
- Satisfactory evidence confirming that all works carried out during the period to which the draw refers have been completed to the satisfaction of the relevant consultants and in accordance with the project's specifications and regulatory requirements
- Retentions of 5% per progress payment claim would be deducted from the 1st progress payment and then on each subsequent progress payment, up to a maximum of 5% of the total construction cost

Verification by the Borrower/Guarantors that all claims due and payable to contractors, sub-contractors, suppliers and consultants (other than claims relating to the current period) have been paid.

At no time shall the "Cost to Complete" of the project exceed the value of any loan amount. In the event that the remaining loan amount is insufficient to complete the project then a cost overrun is deemed to have occurred and the Borrower/Guarantors will be required to expeditiously fund such cost overruns as they occur until the project is completed.

Utilization of the project and contingency allowances will require the Lender/Fund Provider's prior written consent supported by the Lender/Fund Provider's Appointed Quantity Surveyor.



**Global Wise Investments Pte Ltd**
10 Anson Road, #10 - 11,
International Plaza
079903 Singapore

+65 6220 5658
+65 6225 2042
+61 410 00 22 00

admin@globalwise.me

www.globalwise.me





**Global Wise**

Terms and Conditions:

- This Conditional Letter of Offer is valid until 3 November 2023.
- Further terms and conditions will be outlined in formal approval.
- The Borrower must draw down on the facility within ninety days of the date of acceptance of this letter or this Conditional Offer is withdrawn.

We, the borrowers and guarantors, hereby accept this offer and lodge USD$450,000 commitment fee into the bank account detailed below.

| Banking Details | Account Number: **BERACUSD01**<br>Account Name: **BERHERO PTY LIMITED T/A  ACUITY FUNDING**<br>Currency: **USD**<br>Address: **500 Bourke Street,**<br>**Melbourne, Victoria 3000, Australia**<br>SWIFT Code: **NATAAU3303M**<br>BSB: **082-039** |
|---|---|

This indicative offer document is prepared and approved by;

**Global Wise Investments Pte. Ltd.**



Signature: Bal Lankan
Title: Chairman
Passport No:  PA4587155
Country of Issue: Australia
Date:  20 October, 2023


**Global Wise Investments Pte Ltd**
10 Arson Road, #10 - 11,
International Plaza
079903 Singapore

● +65 6220 5658
● +65 6225 2042
● +61 410 00 22 00

✉ admin@globalwise.me

 www.globalwise.me



**Global Wise**

The Parties identified below affix their signatures hereto, thereby acknowledge, and accept the loan terms and conditions and want to proceed with the loan.

| Signed for and on behalf of: | ) |
| **The Roe Corporation** | ) |
| **(DOS ID: 2859163)** | ) |
| | |
| ..................................... | ..................................... |
| Director | Witness |
| Name: | Name: |
| Date: | Date: |

| Signed for and on behalf of: | ) |
| **267 Partners, LLC** | ) |
| **(DOS ID: 5606747)** | ) |
| | |
| ..................................... | ..................................... |
| Director | Witness |
| Name: | Name: |
| Date: | Date: |

.....................................
Mr Buhm Jung Roe
Date:



Global Wise Investments Pte Ltd
10 Anson Road, #10 - 11,
International Plaza
079903 Singapore

 +65 6220 5658
+65 6225 2042
+61 410 00 22 00

 admin@globalwise.me

 www.globalwise.me



# EXHIBIT 3



**Berhero Pty Ltd Tas Acuity Funding**
ABN:   32 060 065 821                                    Ph: 02 9484 0609
**PO BOX 536 Pennant Hills NSW 1715**
**Suite 4, Lev 10, 423 Pennant Hills Road,**
**Pennant Hills, NSW 2120**

# Tax Invoice

| Mr Buhm Jung Roe, |
| President |
| The Roe Corporation & |
| 267 Partners, LLC |
| 267 Broadway, 2nd Floor, New York, NY, |
| United States, 10007 |

| Invoice #: | AF002837 |
|---|---|
| Date: | 06/11/2023 |
| Page: | 1 |
| Due: | Now |

| Details | Total |
|---|---|
| Fund Arrangement Fees for Conditional Letter of Offer for Mortgage Finance for USD280,000,000 dated 20 October 2023 as per Loan Term Sheet & Costs Agreement dated 24 September 2023. Amount due is net of VAT/GST/etc and if these are required they will be additional to the amount due. PLUS Transfer of 50% of all types of share of the project holding entity and any Project Company/ Project Management entities that might be set up in the future for the developments to a nominated entity by Berhero Pty Ltd trading as Acuity Funding. These shares are to be net of all liabilities. | USD11,200,000 |
| Due and payable now | |
| GST (collected): | nil |
| Balance Due: | USD11,200,000 |

**By direct transfer to**
Bank Name: National Australian Bank
Account Name: Berhero Pty Ltd T/A Acuity Funding
BSB:  082-039
Account No:  BERACUSD01
SWIFT Code: NATAAU3303M
Currency: USD
Bank Address: 500 Bourke Street, Melbourne,
Victoria 3000, Australia

Invoice#AF002837 | Amount Due: **USD11,200,000**