# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

The Roe Corporation, 267 Partners, LLC, Buhm Jung Roe

                           Petitioners,               **Case No.**

v.

Berhero Pty Limited (T/A Acuity Funding),
Singapore International Arbitration Centre
                           Respondents.

------------------------------------------------------------X

## AFFIDAVIT OF BUHM JUNG ROE

I, Buhm Jung Roe, being duly sworn, hereby depose and under penalty of perjury, state the following:

1. I am a Petitioner in this case as well as the Chief Executive Officer ("CEO") and President of the Roe Corporation, the first Petitioner named in this case.

2. I am also the President of 267 Partners, the second Petitioner named in this case.

3. On April 29, 2024, Respondent Berhero Pty Limited (T/A Acuity Funding) ("Acuity") initiated an Arbitration (the "Singapore Arbitration") before Respondent the Singapore International Arbitration Centre (the "SIAC") naming myself, The Roe Corporation, and 267 Partners, LLC as Respondents. *See Acuity's Notice of Arbitration, annexed hereto as Exhibit 1.*

4. This Arbitration claim is in regard to fees Acuity alleges it is owed pursuant to a Loan Term Sheet and Cost Agreement ("LTS & CA") between the Parties that was executed on September 24, 2023. *See Loan Term Sheet and Cost Agreement, annexed hereto as Exhibit 2.*

5. On January 13, 2025, Acuity filed its Statement of Claim and on February 24, 2025, The Roe Corporation, 267 Partners LLC and myself, Buhm Jung Roe, filed a Statement of Defence. *See Statement of Defence, annexed hereto as Exhibit 3.*

6. The final evidentiary hearing in the Singapore Arbitration is currently scheduled to commence during the week of July 21, 2025.

7. I am 81 years old, and have experienced serious medical issues, including a left basal ganglia intracerebral hemorrhage and prior ischemic strokes, which will prevent me from traveling to Singapore to attend the evidentiary hearing and giving essential testimony.[1]

8. On June 5, 2025 I retained Grant Thornton to investigate Global Wise Pte. Ltd. ("Global Wise"), Global Wise's Executive Director and sole Shareholder Mr. Lankan Bal,[2] Acuity, and other parties relevant to the arbitration, and on June 19, 2025 Grant Thornton provided to me a report summarizing its findings.

9. Upon receiving the report from Grant Thornton, it was immediately apparent that the entire transaction with Acuity was part of a fraudulent scheme that they had conducted against other similar prospective borrowers on multiple occasions. *See Grant Thornton Report, annexed hereto as Exhibit 4.*

10. The report demonstrated that in numerous prior loan transactions with similarly-situated prospective borrowers that resulted in litigation or arbitration, Acuity had promised to procure loans from lenders that would be able to provide funding, and then claimed fees for obtaining conditional or preliminary letters from the lenders that would never

---

[1] At the Court's request, I will provide the Court with a copy of a medical report from my treating physician advising that I cannot participate in the Singapore Arbitration due to my health issues.

[2] Grant Thornton's investigation uncovered numerous allegations of fraud and theft against Mr. Bal made in various online forums. *See Exhibit 4, Grant Thornton Report at Pages 16-17.*

materialize into any legitimate funding availability. Acuity would then pursue litigation to collect fees associated with the fraudulent initial lending documents. Acuity has been unsuccessful in all of its litigations before of a court of law, as each time the courts have ruled that Acuity failed to provide its counterparty consideration under the contract. *See Exhibit 4, Grant Thornton Report at Pages 23-31. See also Final Adjudications from Prior Litigations annexed hereto as Exhibits 5, October 8, 2013 Order, 6, April 20, 2011 Order, 7, May 31, 2019 Order, 8, August 30, 2023 Order, and 9, July 14, 2022 Arbitration Award.*

11. I engaged with Acuity to provide a $280,000,000 loan to assist in my development of a property in Tribeca, New York City. *See Clause 5 of the LTS & CA, annexed hereto as Exhibit 2.*

12. Acuity was to introduce, organize, or arrange loan funding of $280,000,000 to Petitioners from a third-party lender. *See Clause 3 of the LTS & CA, annexed hereto as Exhibit 2.*

13. On October 4, 2023 I paid Acuity a $100,000 initial deposit to obtain funding.

14. On October 24, 2023, Mr. Nguyen, acting on behalf of Acuity, emailed me, attaching a Conditional Letter of Offer for the loan, dated October 20, 2023, with Global Wise listed as the Lender/Fund Provider. *See Conditional Letter of Offer, annexed hereto as Exhibit 10.*

15. When I received this offer, my associates and I researched Global Wise and were not able to find any information that would indicate Global Wise would be able to fund a loan of any amount, let alone $280,000,000.00. At this point, I was suspicious that the Conditional Letter of Offer was not legitimate, and began to doubt the legitimacy of

Acuity and the transaction as a whole. To date, I have not signed the Conditional Letter of Offer.

16. On October 31, 2023, Mr. Nguyen, acting on behalf of Acuity, emailed me a Deed of Agreement dated October 23, 2023, that outlined the Fund Arrangement Fee Acuity claimed it was owed due to the Conditional Letter of Offer. To date, I have not signed the Deed of Agreement. *See Email dated October 31, 2023, annexed hereto as Exhibit 11.*

17. On November 1, 2023, I received a follow up email of similar content from Acuity. *See Email dated November 1, 2023, annexed hereto as Exhibit 12.*

18. On November 23, 2023, Mr. Sungwoo Park, a consultant retained by Petitioners who had introduced Petitioners to Acuity, received an email from Mr. John Hwang, acting on behalf of Acuity, with inter alia Mr. Roe, Dr. Hwang and Mr. Thambyrajah in copy, regarding the Fund Arrangement Fee and Conditional Letter of Offer. *See Email dated November 23, 2023, R-017 annexed hereto as Exhibit 13.*

19. On November 29, 2023, I received an additional email from Acuity, this time with an attached invoice for the alleged Fund Arrangement Fee of $11,200,000.00. *See Email dated November 29, 2023, annexed hereto as Exhibit 14.*

20. Sometime before January 29, 2024, it became apparent that Global Wise and Acuity had engaged the same counsel ("WongPartnership LLP") to represent them in the fee dispute over the Fund Arrangement Fee. *See Email dated January 29, 2024, annexed hereto as Exhibit 15.*

21. I thought this was odd given that I had never entered into any agreement with Global Wise and had never communicated with them directly.

22. On January 24, 2024 I engaged Amini LLC ("Amini") to represent the Roe Corporation and myself in the fee dispute with Acuity.

23. On January 29, 2024, Amini sent a letter on our behalf to Acuity responding to certain issues brought up by Acuity, and stating that should Acuity be able to provide due diligence on Global Wise and proof of funds, that I was willing to continue to engage with Acuity. *See Email dated January 29, 2024, annexed hereto as Exhibit 15*

24. On February 15, 2024, Mr. John Wang, acting on behalf of Acuity, rejected another attempt by my counsel to obtain due diligence information in regard to Global Wise. *See Email dated February 15, 2024, annexed hereto as Exhibit 16*

25. On February 20, 2024, Amini again wrote to Acuity to attempt to gain information in regard to Global Wise and its ability to fund the loan. *See Email dated February 20, 2024, annexed hereto as Exhibit 17.*

26. On February 26, 2024, WongPartnership wrote a letter to Amini claiming that the LTS & CA was valid and again requesting payment of the Fund Arrangement Fee, but refusing to provide the requested information about Global Wise. *See February 26, 2024 Email, annexed hereto as Exhibit 18..*

27. In an email dated March 18, 2024, Acuity's counsel responded to our request with information about a company named Elite Crown Diamond Ltd. ("Elite Crown Diamond"), of which Mr. Lankan Bal, the sole shareholder in and President of Global Wise, is a Director and Chief Strategy Officer. The email cited an attached letter alleging that Elite Crown Diamond and another firm, the British Jordanian Group, had entered into a "joint venture with a combined capital base of EUR 10 Billion" and would fund the

loan contemplated under the LTS & CA. *See Letter dated March 18, 2024, annexed hereto as Exhibit 19.*

28. However, the letter between Elite Crown Diamond and the British Jordanian Group was only a conditional offer of commitment that was dated April 22, 2020. There was no attached reference to a final execution agreement or any documentation that would indicate any further correspondence past 2020. *See Letter dated March 18, 2024, annexed hereto as Exhibit 19*

29. At this point it became clear to me that Acuity was acting fraudulently because they had represented up until this point that Global Wise would fund the loan pursuant to the LTS & CA, not Elite Crown Diamond. Additionally, there was no indication that Elite Crown Diamond had any funding available. I would later find out through the Grant Thornton Report annexed hereto as Exhibit 4 that Elite Crown Diamond only held approximately GBP 2,296 in net assets in 2024. *See Exhibit 4, Grant Thornton Report at Page 46.*

30. Grant Thornton's investigation also revealed that Mr. Don Nissanka, the Chief Executive Officer of Elite Crown Diamond, and his associated corporate entities have been the defendants in several arbitrations and litigations in the United States in regard to fraudulent loan schemes, and that there have been numerous allegations of fraud made against Mr. Nissanka in various online forums and podcasts. *See Exhibit 4, Grant Thornton Report at Pages 39-44.*

31. Despite consistent prior representations that Global Wise would finance the loan contemplated under the LTS & CA, in Acuity's response to Petitioners' Document Request dated April 29, 2025, Acuity admitted that "Global Wise does not provide financing from its own funds, but funds sourced from its investors." This was

contradictory to the Conditional Letter of Offer and the representations Acuity had made up until that point. Global Wise is the listed Lender/Funds Provider on the Conditional Letter of Offer. *See Acuity's Response to Petitioners' Document Requests dated April 24,2025, annexed hereto as Exhibit 20.*

32. Because of Acuity's misrepresentations, breach of contractual obligation, and clear prior fraudulent activity, I have not signed any agreement with Acuity or Global Wise since the initial LTS & CA, and have not paid Acuity the Fund Arrangement Fee, to which it is not entitled.

33. In light of the foregoing and the Memorandum of Law in Support of Petitioners' Order to Show Cause submitted herewith, Petitioners request that this Court issue an Order staying the ongoing Singapore Arbitration between Petitioners and Acuity until such time that the Court rules on the Petitioners' underlying Petition on the merits.

34. Petitioners are bringing this motion by Order to Show Cause because the Singapore Arbitration hearing is scheduled to commence three weeks from today. Petitioners have made no prior request for the relief requested herein.

35. I, Buhm Jung Roe, affirm this __ day of July, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document will be filed in an action or proceeding in a court of law.

Dated: New York, New York
July 1, 2025

Respectfully submitted,

_____
Buhm Jung Roe

On this 14th day of July, 2025
before me appeared  B.J. Roe  ,
to me known to be the individual described
in and who executed the foregoing instrument
and acknowledged that he executed the same;

_____
Notary Public

```
DANIEL WEXLER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01WE6190386
Qualified in Kings County
My Commission Expires: 07/28/2028
```