**AT THE SINGAPORE INTERNATIONAL ARBITRATION CENTRE**

**IN THE MATTER OF A CONSOLIDATED ARBITRATION UNDER THE ARBITRATION RULES OF THE SINGAPORE INTERNATIONAL ARBITRATION CENTRE (6TH EDITION, 1 AUGUST 2016)**

**SIAC ARBITRATION NO. 946 OF 2020**
**(CONSOLIDATED BY THE SIAC COURT OF ARBITRATION)**

Between

**(1) BERHERO PTY LIMITED (TRADING AS ACUITY FUNDING)**
**(2) GLOBAL WISE INVESTMENTS PTE LTD**
*(Claimants)*

And

**(1) FULLAND REAL ESTATE JOINT STOCK COMPANY**
**(2) SUNSHINE GROUP JOINT STOCK COMPANY**
**(3) SUNSHINE TAY HO JOINT STOCK COMPANY**
**(4) DO ANH TUAN**
*(Respondents)*

---

**CORRECTION TO FINAL AWARD**

---

Dated this 14th day of July 2022

Registered in SIAC Registry of Awards as:
Award No. 068(a) of 2022
on 02 August 2022



**SIAC CASE No. ARB 946/20/JZH**

Consolidated with ARB 947/20/JZH, ARB 948/20/JZH and ARB 949/20/JZH

In the Matter of an Arbitration under the Arbitration Rules of the Singapore International Arbitration Centre (6th Edition, 1 August 2016)

Between

**(1) BERHERO PTY LIMITED (TRADING AS ACUITY FUNDING)**

**(2) GLOBAL WISE INVESTMENTS PTE LTD**

**… Claimants**

and

**(1) FULLAND REAL ESTATE JOINT STOCK COMPANY**

**(2) SUNSHINE GROUP JOINT STOCK COMPANY**

**(3) SUNSHINE TAY HO JOINT STOCK COMPANY**

**(4) DO ANH TUAN**

**… Respondents**

---

**CORRECTION TO FINAL AWARD**

---

14 July 2022

Seat of Arbitration: Singapore

**Arbitral Tribunal**

Dr Michael Pryles AO PBM

Dr Le Net

Mr Alastair Henderson (Presiding Arbitrator)

## A. INTRODUCTION

1. On 6 May 2022 the Tribunal issued its Final Award in this arbitration ("**Final Award**"). This is a Correction to the Final Award, issued under Rule 33.1 of the Arbitration Rules of the Singapore International Arbitration Centre (6th Edition, 2016) ("**SIAC Rules**").

2. As described and evidenced in detail in the Final Award:

   a. The 1st Claimant – Berhero Pty Limited (trading as Acuity Funding) – is a company incorporated in Australia under Australian Company Number 060 065 821, with its contact address at PO Box 536, Pennant Hills, NSW 1715, Australia.

   b. The 2nd Claimant – Global Wise Investments Pte Ltd – is a company incorporated in Singapore under company registration number 201605565K, with its contact address at 10 Anson Road, #10-11, International Plaza, Singapore 079903

   c. The 1st Respondent – Fulland Real Estate Joint Stock Company – is a company incorporated in Vietnam with its contact address at 9th Floor, Sunshine Center, 16 Pham Hung, My Dinh 2 Ward, Nam Tu Liem District, Hanoi, Vietnam.

   d. The 2nd Respondent – Sunshine Group Joint Stock Company – is a company incorporated in Vietnam with its contact address at 9th Floor, Sunshine Center Building, No. 16 Pham Hung, My Dinh 2 Ward, Nam Tu Liem District, Hanoi, Vietnam.

   e. The 3rd Respondent – Sunshine Tay Ho Joint Stock Company – is a company incorporated in Vietnam with its contact address at 12th Floor, Sunshine Center Building, No. 16 Pham Hung, My Dinh 2 Ward, Nam Tu Liem District, Hanoi, Vietnam.

   f. The 4th Respondent – Mr Do Anh Tuan– is a Vietnamese national with his contact address at 10th Floor, Sunshine Center Building, No. 16 Pham Hung, My Dinh 2 Ward, Nam Tu Liem District, Hanoi, Vietnam.

3. The 1st and 2nd Claimants were represented throughout the arbitration by WongPartnership LLP in Singapore, led by Ms Koh Swee Yen, SC and Mr Tiong Teck Wee, with Ms Claire Lim and Mr Donny Trinh. WongPartnership's contact details are set out in the Final Award.

4. The 1st Respondent challenged the jurisdiction of the Tribunal and participated in the arbitration under protest and reservation of rights. Subject to that, the 1st Respondent was represented throughout the arbitration by Bizconsult Law Firm in Hanoi, Vietnam, led by Mr Nguyen Trong Nghia with Mr Pham Quoc Kien. Bizonsult's contact details are set out in the Final Award.

5. The 2nd, 3rd and 4th Respondents did not participate in the arbitration.

6. The procedural background and history of this arbitration up to and including the Final Award were set out in paragraphs 16 to 216 of the Final Award, and are incorporated by reference into this Correction to the Final Award.

7. The Final Award was dated 6 May 2022. On 27 May 2022 the Secretariat sent a courtesy copy of the Final Award to the Parties by email. Subsequently the Secretariat dispatched originals to the Parties by courier. The Secretariat has informed the Tribunal that the Final Award was delivered by courier to the Claimants' legal representatives on 10 June 2022.

## B. CLAIMANTS' APPLICATION FOR CORRECTION OF THE FINAL AWARD

8. On 16 June 2022 the 1st and 2nd Claimants filed an application under Rule 33.1 of the SIAC Rules ("**Application**") for correction of the Final Award. The Tribunal is satisfied that the Application was duly notified within 30 days following receipt of the Award, as provided in Rule 33.1 of the SIAC Rules.

9. In the Application, the 1st and 2nd Claimants ask the Tribunal to make two corrections to the Final Award:

   a. To include in the dispositive section of the Final Award (paragraph 362) the Pre-Award Interest on Costs in the amount of USD 15,934.27 which is addressed in paragraph 357 of the Final Award.
   b. To correct the name of the 2nd Claimant to 'Global Wise Investments Pte Ltd'.

10. By email dated 20 June 2022 the Tribunal invited the Respondents to submit any comments on the Application by no later than 6pm (Singapore time) on Friday 24 June 2022. No response was received from any Respondent.

11. By email dated 29 June 2022 the Tribunal wrote to the Parties as follows:

*The Tribunal refers to the Claimants' application dated 16 June 2022 for correction to the Final Award ("Application").*

*The Application requests that the name of the second claimant be amended to Global Wise Investments Pte Ltd, in place of Global Wise Investment Pte Ltd as shown in the Final Award.*

*However, the Tribunal notes that the claimants' Notice of Arbitration and Statement of Claim name the second claimant as Global Wise Investment Pte Ltd, which has therefore been the name on the record throughout these proceedings. The Tribunal further notes that Global Wise Investment Pte Ltd is the name of the party that entered into the USD 400 million Facility Agreement, although the Unique Entity Number stated on page 1 of that Agreement corresponds to the entity number shown in the Certificate Confirming Incorporation of Company as of 4 March 2016 at Tab 15 in the exhibits to the Statement of Reply.*

*The Tribunal considers it appropriate to invite further submissions from the parties in light of these matters. The submissions must be no longer than three pages and should be sent to the Tribunal by 6pm (Singapore time) on Friday 1 July 2022.*

12. By email dated 30 June 2022 the Tribunal wrote again to the Parties as follows:

*The Tribunal further notes that paragraph 357 of the Final Award incorrectly includes three references to 'USD'. These should have referred to 'SGD', as clearly shown by the reference to 'SGD' currency at the beginning of the relevant calculations in that paragraph.*

13. The Claimants replied to both emails on 1 July 2022, including the following:

*2. **The references to the 2nd Claimant as "Global Wise Investment Pte Ltd" instead of "Global Wise Investments Pte Ltd" in the Facility Agreement, the** Arbitration, and the Final Award are clearly inadvertent clerical errors.*

*3. **There is no dispute that the 2nd Claimant is "Global Wise Investments Pte Ltd", and that all references to** the 2nd Claimant were intended to be and/or were in **fact to "Global Wise Investments Pte Ltd".***

*a. As noted by the Tribunal in its e-mail dated 29 June 2022, the 2nd C**laimant's** Unique Entity Number (UEN) on page 1 of the Facility Agreement corresponds **with the UEN of "Global** Wise Investments **Pte Ltd" as stated on the Certificate** Confirming Incorporation exhibited at Tab 57 of Hearing Bundle C (and also the ACRA Business Profile search exhibited at Tab 59 of the same Hearing Bundle).*

*b. **The 2nd Claimant's letter to the SIAC d**ated 29 November 2020 confirming **WongPartnership LLP's** authority to act for the 2nd Claimant in the **Arbitration was sent by "Global Wise Investments Pte Ltd" (see Annex A).***

*c. At paragraph 51 of their Pre-Hearing Submission, the 1st Respondent had referre**d to the "Business Profile of Global Wise Investment Pte Ltd" exhibited** at Tab 59 of Hearing Bundle C which was the ACRA Business Profile search **for "Global Wise Investments Pte Ltd".***

*d. The letter dated 31 December 2019 from the Respondents to the Claimants exhibited at Tab 19 of Hearing Bundle C and referred to in paragraph 351 of the Final Award is addressed to Mr Bal **Lankan, the Chairman of "Global Wise Investments Pte Ltd".***

*e. The letter dated 7 April 2020 from the 2nd Claimant to the Respondents exhibited at Tab 45 of Hearing Bundle C and referred to in paragraph 52 of the **1st Respondent's Pre**-Hearing Submissions and paragraphs 317(b) and 321 of*

*the Final Award is likewise stated to sent by Mr Bal Lankan, the Chairman of* ***"Global Wise Investments Pte Ltd"*.**

*f.* ***Further, none of the Respondents have objected to the Claimants' application*** *to correct the* ***references in the Final Award to "Global Wise Investment Pte Ltd" to "Global Wise Investments Pte Ltd", and therefore, should be taken to*** *have consented to the same.*

… …

… …

*6. In its e-mail dated 30 June 2022, the Tribunal had highlighted that paragraph 357 of the Final Award incorrectly includes references to USD when these should be to SGD. As noted by the Tribunal, the reference to SGD at the beginning of the calculations in that paragraph clearly show that the references to USD at the end of the calculations were intended to be references to SGD.*

*7. The Claimants agree and respectfully request that the Tribunal corrects the references to USD in paragraph 357 of the Final Award to SGD instead.*

14. In the same letter the Claimants drew the Tribunal's attention to one additional matter:

*11.* ***It has since also come to the Claimants' attention that there is a computational error in the Tribunal's*** *calculation of the Pre-Award Interest on Principal Amounts at Section P(1) and the Dispositive Section of the Final Award.*

*12. At Section P(1) of the Final Award, the Tribunal had awarded the Claimants pre-award interest on the Arrangement Fee and Front-End Fee at a rate of 5.33% per annum for the period from 7 April to 6 May 2022 (i.e. 760 days). However,* ***the Tribunal's calculation of the amount of pre****-award interest at paragraph 354 of the Final Award was on the basis of only 2 years (i.e. 730 days).*

*13. This is a computational error. The amount of pre-award interest on the Arrangement Fee and Front-End Fee at paragraph 354 of the Final Award should be a sum of USD443,923.29 and USD1,775,693.15, and the amounts awarded at paragraphs 362(a)(i) and 362(c)(ii) of the Final should be a sum of USD4,443.923.29 and USD17,775,693.15 instead.*

*14. Accordingly, the Claimants respectfully request … that the Tribunal corrects paragraphs 354, 362(a)(i) and 362(c)(ii) of the Final Award under Rule 33.2 and/or Rule 33.1 of the SIAC Rules to reflect the correct amount of pre-award interest as set out in paragraph 13 above.*

15. Under Rule 33.1 of the SIAC Rules the Claimants may submit a request for correction of the Award "*within 30 days of receipt of an Award*". As the Final Award was delivered to the Claimants' legal representatives on 10 June 2022, the Tribunal is satisfied that these additional requests for correction were also submitted within the period prescribed by Rule 33.1.

16. The Respondents did not reply to the Tribunal's emails of 29 and 30 June 2022 or to the Claimants letter of 1 July 2022.

**Tribunal's Decision on the Application**

17. The Tribunal confirms that it intended the 1st and 2nd Claimants to receive Pre-Award Interest on Costs, as set out in paragraphs 355 to 357 of the Final Award. The omission of Pre-Award Interest on Costs from the dispositive section of the Final Award (paragraph 362) was an unintended oversight. The Tribunal considers that this was an error that clearly falls within the ambit of Rule 33.1, and the Tribunal agrees that the Final Award should be corrected in this respect.

18. The Tribunal notes that paragraph 357 of the Final Award incorrectly includes references to 'USD'. These were clerical errors and should have referred to 'SGD' as clearly shown by the reference to 'SGD' currency at the beginning of the relevant calculations in that paragraph. The Tribunal considers that this was an error that clearly falls within the ambit of Rule 33.1 and that the Final Award should be corrected in this respect.

19. The Tribunal further confirms that it intended the 1st and 2nd Claimants to receive Pre-Award Interest on Principal Amounts for the period from 7 April to 6 May 2022, as clearly stated in paragraphs 353 and 354 of the Final Award. The calculation of Pre-Award Interest on Principal Amounts in paragraph 354 was therefore incorrect, as the Tribunal used an incorrect total number of days (which should have been 760 rather than 730 days), and this in turn rendered the totals shown in paragraph 362(a)(i) and 362(c)(i) of the Final Award also incorrect. The Tribunal considers that these were errors that clearly fall within the ambit of Rule 33.1 and the Tribunal agrees that the Final Award should be corrected in this respect.

20. Finally, as regards the name of the 2nd Claimant, the Certificate Confirming Incorporation of Company as of 4 March 2016 under Unique Entity Number 201605565K (at Tab 15 in the exhibits to the Statement of Reply) states that the name of the 2nd Claimant is 'Global Wise Investments Pte Ltd'. This is the same Unique Entity Number as stated on page 1 of the Facility Agreement, although the Facility Agreement and subsequently the record in this arbitration have incorrectly shown the name as 'Global Wise Investment Pte Ltd', i.e. with 'Investment' rather than 'Investments'. Consequently, in paragraph 2 of the Final Award and on the cover pages, the Tribunal has also inadvertently shown the name as 'Global Wise Investment Pte Ltd'. In all the circumstances, the Tribunal considers that this was an error that clearly falls within the ambit of Rule 33.1 and the Tribunal agrees that the Final Award should be corrected in this respect.

**Dispositive Section**

21. For the reasons stated above, the Tribunal issues this Correction to the Final Award. In accordance with Rule 33.1 of the SIAC Rules, this Correction constitutes part of the Final Award.

22. On the cover pages of the Final Award, and in paragraph 2 of the Final Award, the name of the 2nd Claimant is changed to Global Wise Investments Pte. Ltd.

23. Paragraph 354 of the Final Award is amended as indicated below in bold type and underlining:

(1) ARRANGEMENT FEE (USD 4,000,000) due to 1st Claimant:
7 April 2020 – 6 May 2022: 4,000,000 x 5.33% x ~~2~~ **760/365**= USD ~~426,400~~ **443,923.29**

(2) FRONT-END FEE (USD 16,000,000) due to 2nd Claimant:
7 April 2020 – 6 May 2022: 16,000,000 x 5.33% x ~~2~~ **760/365** = USD ~~1,705,600~~ **1,775,693.15**

24. Paragraph 357 of the Final Award is amended by replacing 'USD' with 'SGD' in each of the three places in which it appears in that paragraph.

25. Paragraph 362(a)(i) of the Final Award is amended as indicated below in bold type and underlining:

i. the sum of USD ~~4,426,400~~ **4,443,923.29** in respect of the Arrangement Fee and interest thereon up to the date of this Award, and

26. Paragraph 362(c)(i) of the Final Award is amended as indicated below in bold type and underlining:

i. the sum of USD ~~17,705,600~~ **17,775,693.15** in respect of the Arrangement Fee and interest thereon up to the date of this Award, and

27. Paragraph 362(d) of the Final Award is amended by the insertion of a new sub-paragraph (iii) and by consequential amendments to sub-paragraph (ii) and former sub-paragraph (iii) (now sub-paragraph (iv)), as indicated below in bold type and underlining:

d. The 1st Respondent is liable to pay to the 1st and 2nd Claimants:

i. SGD 630,175.07 in respect of the costs of the arbitration as determined by the Registrar of the SIAC,

ii. SGD 865,299.28 and USD 143,311.18 in respect of the Claimants' other costs and expenses incurred in this arbitration, ~~**and**~~

iii. **SGD 15,934.27 in respect of Pre-Award Interest on Costs, and**

**iv.** interest on the unpaid amount of ~~**such**~~ costs and expenses **under (d)(i) and (d)(ii) above** at a continuing rate of 5.33% per annum (non-compounded, accruing daily) from and including the day following the date of this Award until the date of payment.

Singapore, 14 July 2022

*

*

*

*

*

*

*

*

[intentionally blank]

*

*

*

*

*

*

*

*

*

*

*

*

*

Signed:

Dr Michael Pryles AO PBM

Dr Le Net

Alastair Henderson (Presiding Arbitrator)