

Bijan Amini  
MEMBER NY & DC BARS

212.497.8217  
bamini@aminillc.com

January 29, 2024

**VIA EMAIL**

WongPartnership LLP  
12 Marina Boulevard Level 28  
Marina Bay Financia Centre Tower 3  
Singapore 018982  
Attn:   Swee Yen Koh - sweeyen.koh@wongpartnership.com  
         Teck Wee Tiong - teckwee.tiong@wongpartnership.com  
         Samuel Teo - samuel.teo@wongpartnership.com  
         Ba Duong Trinh - baduong.trinh@wongpartnership.com

**Re:   Claim Against The Roe Corporation, 267 Partners, LLC and Mr. Buhm Jung Roe In Relation To Alleged Loan Term Sheet Dated September 24, 2023**

Dear Sirs,

We have been engaged by the Roe Corporation and its affiliates in respect of the above-referenced matter. This letter is in response to your correspondence of 8 and 16 January, 2024, on behalf of Berhero Pty Limited (aka Acuity Funding)("Acuity") and Global Wise Investments Pte Ltd. ("Global Wise"), and their corresponding demands to our clients.

As an initial matter, your representation of both Acuity and Global Wise, while telling, is of significant concern for our clients.

To our knowledge, our clients have never engaged with or agreed to any arrangement with Global Wise, and were unaware of its existence or purpose except for your clients' (and now apparently your) representations and vouching for them in connection therewith. Without any visible business or activity that justifies the arrangement Global Wise is allegedly claiming to have the wherewithal for, much more would be required in due diligence before our client would entertain any proposal from them, much less pay in advance. At a minimum, our client requires a detailed history of Global Wise's business and activities, with specific reference to verifiable comparable lending arrangements to the one it has proposed here, and proof that it has the funds it claims before expending any further resources on its "Conditional Offer". That should include the names of counsel engaged here in connection with such activities.

It bears repeating that our client never signed the "Conditional Offer", never paid any amounts including the $450,000 demanded towards it and the "Condition Offer" had multiple (over 16) conditions in it, and accordingly the "Conditional Offer" is not approved and is null and void and never of any effect.

Provided satisfactory due diligence materials are forthcoming, the proposed terms would also require further negotiation. Your clients' existing terms, as is known to anyone familiar with development projects of this nature, are impossible to comply with as written, and it should be of concern that they appear to have been deliberately prepared to be so. By way of a simple example only, the "Conditions Precedent" are by their nature impossible of completion in 90 days (even plus two weeks) or less, yet the "Conditional Letter of Offer" was by its terms only open for acceptance for two weeks from October 20, 2023, and requires a first drawdown within ninety days of acceptance or is withdrawn. That is merely one of several clauses that make the "Conditional Offer" illusory and of no force or effect. The "Conditional Offer's" verbatim repetition of the Acuity Loan Term Sheet recitation without more, and the lack of any apparent due diligence of or by Global Wise or even engagement of New York counsel before making such an offer, heightens our clients' skepticism concerning the bona fides of this "Conditional Offer" which needs verifiable due diligence. Combined with those concerns is the complete lack of any commitment for the sums already paid, and now being further requested. Indeed, one or both of your clients have specifically disclaimed any obligation or even commitment to fund.

Given the lack of any agreement between our clients and Global Wise, your threat of arbitration if intended on behalf of Global Wise, is rejected. You have no authority or basis to file such an arbitration for that entity. Our clients would pursue any such claim in the New York courts, especially given Global Wise's continued solicitation of such a large loan for the project in New York City.

Of separate concern is your appearance in this matter for both entities. Acuity was, based on its own statements, engaged on behalf of our clients "to act for them" in securing funding for the project. They were paid $100,000 for that purpose, for which they represented they would work on behalf of our clients, not any prospective lender, towards project funding. Otherwise, it makes no sense to claim one-half the projects' earnings as a partner and project manager of the loan. The conflict engendered by your joint representation of these entities underscores the concern about how the project's interests were being represented, and the need for due diligence into the relationship between Acuity and Global Wise, and the individuals claiming to be their managers. That should include any due diligence Acuity conducted into prospective lenders, including Global Wise, on our clients' behalf.

While our clients are prepared to perhaps entertain further negotiation, certainly as I hope you appreciate, not on the terms your clients now threaten to impose, but on commercially reasonable bases that make sense to all parties concerned. Earning a commission before a "Conditional Offer" is approved or loan funds are made available is commercially unreasonable. If your clients are prepared to earn their commission when the loan closes as is customary in all cases in this jurisdiction, and if your clients have evidence of the money and are seriously interested in this investment, our clients are prepared to engage.

Please let us know how your clients wish to proceed. If you decide to proceed with the threatened arbitration on Acuity's behalf, please also let us know. In that circumstance, our clients will respond and take appropriate action.

All of our clients' rights in the matter are fully and expressly reserved.

Sincerely,

*/s/ Bijan Amini*

Bijan Amini

cc: Ariel Moore, Esq.