IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE ROE CORPORATION, 267 PARTNERS, LLC, AND BUHM JUNG ROE,<br><br>*Petitioners*,<br><br>v.<br><br>BERHERO PTY LIMITED (T/A ACUITY FUNDING) AND THE SINGAPORE INTERNATIONAL ARBITRATION CENTER,<br><br>*Respondents*. | Civil Action No.: 1:25-cv-5485 |

**DECLARATION OF TIONG TECK WEE IN SUPPORT OF BERHERO PTY LIMITED (T/A ACUITY FUNDING'S) OPPOSITION TO PETITIONERS' ORDER TO SHOW CAUSE TO STAY ARBITRATION**

TIONG TECK WEE hereby declares as follows:

1. I am an attorney licensed to practice in Singapore and a partner at WongPartnership LLP in the Commercial and Corporate Disputes and International Arbitration practices. In that role, I have experience with arbitrations before the Singapore Internation Arbitration Centre ("**SIAC**").

2. I represent Berhero Pty Limited (T/A Acuity Funding) ("**Acuity**") in the arbitration against The Roe Corporation, 267 Partners, LLC, and Buhm Jung Roe ("**Mr. Roe**") (collectively, the "**Roe Parties**") in the underlying dispute ("**SIAC Arbitration**"), which is seated in Singapore.

3. SIAC is one of the leading international arbitration institutions across the globe. In particular, SIAC is the dominant international arbitration forum in the Asia-Pacific region.

4. Singapore itself is a jurisdiction known for a strong pro-arbitration policy, with the

judiciary issuing numerous decisions providing deference to arbitrations.

5. Attached hereto as Exhibit A is a true and correct copy of a printout from the website of the Roe Corporation (specifically, their "About," "Team," and Portfolio" pages).

6. Attached hereto as Exhibit B is a true and correct copy of Acuity's Statement of Reply filed in the SIAC Arbitration.

7. Attached hereto as Exhibit C is a true and correct copy of the Roe Parties' Response to the Notice of Arbitration and Counterclaim filed in the SIAC Arbitration.

8. Attached hereto as Exhibit D is a true and correct copy of Procedural Order No. 1 issued by the sole Arbitrator ("**Arbitrator**") in the SIAC Arbitration.

9. Pursuant to Exhibit D, the parties were to submit their respective Statement of Claim and/or Defence (as relevant), followed by an exchange of documents, the exchange of witness statements, then written opening submissions, before the evidentiary hearing on the merits. Witnesses' direct testimony would be through their witness statements, followed by cross-examination. This is normal for international arbitrations, including those at SIAC.

10. A procedural calendar was attached to Exhibit D. This calendar would be varied during the arbitration, to accommodate schedules and address changes in issues. Again, these changes are normal, provided the hearing date does not change.

11. The original calendar contemplated events related to the Roe Parties' counterclaims, but the counterclaims were dropped. Therefore, the Arbitrator released the additional dates blocked out in November 2025, which were initially fixed to deal with the issue of the quantum of the Roe Parties' counterclaims. This is shown in Procedural Order No. 4 (found at Exhibit F).

12. Attached as Exhibit E is a true and correct copy of Acuity's Statement of Claim in

the SIAC Arbitration.

13. Attached as Exhibit F is a true and correct copy of Procedural Order No. 4, which is an updated procedural timetable in the SIAC Arbitration.

14. Attached as Exhibit G is a true and correct copy of a June 5, 2025 email and ruling from the Arbitrator in the SIAC Arbitration.

15. Attached as Exhibit H is a true and correct copy of Mr. Roe's witness statement dated June 20, 2025 in the SIAC Arbitration.

16. Attached as Exhibit I is a true and correct copy of a July 5, 2025 email and ruling from the Arbitrator in the SIAC Arbitration.

17. Attached as Exhibit J is a true and correct copy of the Roe Parties' Amended Statement of Defence in the SIAC Arbitration.

18. Attached as Exhibit K is a true and correct copy of an email chain between Lynn-Yin Tan and the Arbitrator in the SIAC Arbitration dated July 10, 2025.

19. Attached as Exhibit L is a true and correct copy of *Malini Ventura v Knight Capital Pte Ltd and others* [2015] 5 SLR 707.

20. Attached as Exhibit M is a true and correct copy of *Cachet Multi Strategy Fund SPC on behalf of Cachet Special Opportunities SP v Feng Shi and others* [2023] SGHCR 16.

21. Attached as Exhibit N is a true and correct copy of *DFM v DFL* [2024] 1 SLR 1283.

22. Attached as Exhibit O is a true and correct copy of an email chain between the Parties and the Arbitrator in the SIAC Arbitration dated July 10, 2025.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury of the law of the United States that the foregoing statements made by me are true and correct.

Dated: Singapore
July 14, 2025

_____
TIONG TECK WEE
WongPartnership LLP
12 Marina Boulevard Level 28
Marina Bay Financial Centre Tower 3
Singapore 018982