# Exhibit G

| From: | Stuart Isaacs KC Singapore |
|---|---|
| To: | Denise Yong; Samuel TEO |
| Cc: | Lynnette Lee; Nguyen Thi Mai Anh; Jamilah Basor; Wang Xuanzhong; TIONG Teck Wee; Frederick TEO; Donny TRINH; David Chan; Daryl Fong; Yang Zhuoyan |
| Subject: | SIAC ARB 162/24 - Ruling on Respondents" application for extension of time |
| Date: | Thursday, June 5, 2025 8:39:14 PM |
| Attachments: | image001.png<br>PO4 and revised Procedural Timetable (6 June 2025).pdf |

**USE CAUTION: External Email**

Dear Colleagues,

1.  By an email dated 28 May 2025, the Respondents made an application for an extension of time until 20 June 2025 for the Respondents to (i) disclose all documents (other than those already disclosed by the parties) on which they intend to rely on in this arbitration and (ii) file an Amended Statement of Defence. By Procedural Order 3 dated 25 May 2025, the prescribed date for those steps was 28 May 2025. Hence the extension sought is of approximately three and one-half weeks in duration.

2.  The grounds for the application are that the third-party investigators retained "*for almost a year*" by the Respondents to obtain evidence on the entities and persons identified in documents disclosed by the Claimant and/or in the Statement of Reply informed the Respondents late on 27 May 2025 that, while not disavowing their draft report, they were not prepared to be cross-examined on the contents of the draft report. Consequently, the Respondents say that they require the extension sought to engage replacement investigators and that various investigators to whom the Respondents have reached have stated that they will require approximately four weeks to produce a report. The Respondents say that the evidence obtained through these third-party investigations is essential to their ability meaningfully to present their defence in the proceedings.

3.  The Respondents therefore initially proposed consequential extensions to the dates for compliance with the subsequent steps in the proceedings which would necessitate that the evidentiary hearing be postponed to a week after 1 August 2025. They stated that their lead counsel is available for the week of 4 August 2025 and that if it were not feasible for the evidentiary hearing to take place then, they would accommodate any other suitable dates.

4.  By an email in reply also dated 28 May 2025, the Claimant (i) observed that it was unexplained why the retained investigators' position was not made known to the Respondents until the evening before the date specified in Procedural Order 3 for the steps in question to be taken; (ii) expressed serious doubts regarding the viability of the revised timelines proposed by the Respondents for the subsequent steps in the proceedings; (iii) stated that it would be seriously prejudiced by the Respondents' proposals, according to which the time for the submission of its amended Statement of Reply and the preparation of its factual witness statements would be truncated following the submission of the amended Statement of Defence due to the Respondents' own conduct and difficulties; and (iv) stated that, based on the Respondents' proposals, the evidentiary hearing could not reasonably take place before 11 August 2025. The Claimant also suggested that, without prejudice to its position, a procedural meeting should be convened to refix the evidentiary hearing date, following which the parties could then liaise further to agree a revised procedural timetable.

5.  On 29 May 2025, the Tribunal informed the parties that it was not prepared to vacate the evidentiary hearing date, for reasons which would be provided in due course, but that it was willing to hold a procedural meeting at 4pm SGT on Thursday 5 June 2025 to consider, in the absence of prior agreement between the parties (subject to the Tribunal's approval), what amendments, if any, might be made to the existing procedural timetable in light of the matters raised in the application.

6.  By an email dated 30 May 2025, the Respondents responded to the Claimant's email. The Respondents *inter alia* repeated their offer to address the Tribunal, if necessary, on the relevant facts of their engagement of the investigators and, if necessary, to waive privilege over any relevant privileged correspondence between the investigators and SLB. The Respondents disputed that the Claimant would be seriously prejudiced by their proposed extensions and, to address the Claimant's concerns, on the confirmation of their engagement of replacement investigators, to disclose the subjects of the

investigation and the jurisdictions from which information is to be gathered The Respondents stated that they were agreeable to the holding of a procedural meeting at 4pm SGT on 5 June 2025 for the parties to work through the amendments (if any) to the existing procedural timetable.

7. Accordingly, the Tribunal fixed a procedural meeting to take place at 4pm SGT on 5 June 2025. In its email dated 30 May 2025 fixing the procedural meeting, the Tribunal stated that the purpose of the meeting would be to consider any directions which might be required to be given by the Tribunal on amendments to the procedural timetable in light of the Respondents' application. The Tribunal reiterated that the parties must, in considering any such amendments in advance of and at the procedural meeting, proceed on the basis that the evidentiary hearing would take place on 21-25 July 2025 (with 26 July in reserve). The Tribunal encouraged the parties to seek to agree any such amendments, subject to its approval, in advance of the procedural meeting.

8. On 5 June 2025, prior to the procedural meeting which did indeed take place at 4pm on that day, the Claimant informed the Tribunal that the parties had reached agreement on the procedural timetable moving forward, except in one respect. The unresolved issue between the parties which the Tribunal must now resolve is whether the date for the Respondents to (i) disclose all documents (other than those already disclosed by the parties) on which they intend to rely on in this arbitration, (ii) file an Amended Statement of Defence and (iii) file their factual witness statements, should be 13 June 2025, as contended for by the Claimant or else 20 June 2025, as contended for by the Respondents.

9. At the procedural meeting, the parties made oral submissions to explain their respective positions. The Respondents explained in outline how they had only become aware at the last minute of the unwillingness of the investigators until recently engaged by them to give oral testimony and why the engagement of the replacement investigators was not confirmed until late afternoon on 4 June 2025. They stated that 20 June 2025 was the earliest time at which they could comply with the steps referred to in paragraph 8 above. The Claimant reaffirmed the position it adopted in its 5 June 2025 email. It disputed that there was any legitimate reason for the Respondents to be granted any extension to that time and that the consequences of the events which have led to the application should not be visited on the Claimant. It submitted that an extension to 20 June 2025 would be prejudicial to it.

10. Pursuant to Article 19.1 of the SIAC Arbitration Rules 2016, the Tribunal has a duty to conduct the arbitration in such manner as it considers appropriate, after consulting with the parties, to ensure the fair, expeditious, economical and final resolution of the dispute. The evidentiary hearing in these proceedings has been fixed since Procedural Order 1 dated 16 December 2024 to take place on 21-25 July (26 July in reserve) 2025. The Tribunal had repeatedly stated previously that any extensions granted must not impact on the date for the evidentiary hearing. Were the Tribunal to have grant the application as originally advanced, it would have been necessary to postpone the evidentiary hearing to a date in the first quarter of 2026, which would be unfair, taking into account the position of both parties, and not consistent with the expeditious, economical and final resolution of the parties' dispute. At the procedural meeting, neither party sought to pursue any application for the postponement of the evidentiary hearing.

11. Having considered the parties' submissions, the Tribunal makes a **final** order that the Respondent shall have until **20 June 2025** to take the steps referred to in paragraph 8 above. The Tribunal is not persuaded that the Claimant will be unable to deal adequately with the filing of an Amended Reply and factual witness statements or otherwise unfairly prejudiced by it being deprived of an additional week in which to take those steps. While it is correct that the Claimant is being afforded less time than the time previously afforded to it under previous procedural orders, the Claimant has provided no flesh in its 5 June 2025 or in its oral submissions on the bones of the statement that a deadline of 20 June 2025 would "*seriously prejudice* [its] *ability to properly prepare their case*". The Tribunal is unpersuaded that the team of experienced counsel representing the Claimant will be unable properly to prepare the Claimant's case in the time directed.

12. Procedural Order 4 dated 6 June 2025 and the annexed revised procedural timetable giving effect to the Tribunal's decision are attached.

13. With regard to the PHCC agreed to take place in the week of 14 July 2025, the Tribunal proposes that this should be at 4pm SGT on Wednesday **16 July 2025**. Please would the parties liaise to confirm to the Tribunal their availability by **9 June 2025** and please would the Claimant circulate a link for the call, to take place on Zoom or Teams?

Kind regards,
Stuart Isaacs



Level 57 and 58 Republic Plaza
9 Raffles Place
Singapore 048619
Tel +65 6823 1255
Fax +65 6823 1377
H/p +65 9810 6241
Email: stuart@stuartisaacskc.com
www.stuartisaacskc.com

Stuart Isaacs KC practises from Stuart Isaacs Chambers (Pte) Ltd (UEN 202013953D), a limited liability foreign law practice.